## In re KLEIN.

### (District Court, N. D. Illinois.)

BANKRUPTCY—INTERVENTION OF TRUSTEE IN PENDING SUITS.

Where, at the time of an adjudication in bankruptcy, property of the bankrupt is in the hands of a receiver appointed by a state court in a suit brought against the bankrupt by a judgment creditor, the trustee in bankruptcy, when appointed, should intervene in such suit in the state court, by petition, for the protection of the interests of the general creditors of the estate; and, to enable him to do this, the court of bankruptcy will, for a reasonable length of time, restrain all parties from the further prosecution of the action in the state court.

## In Bankruptcy.

In 1898, Gustav L. Klein made a voluntary assignment for the benefit of his creditors pursuant to the laws of Illinois, but, after the estate had been administered thereunder for about a year, the proceeding was discontinued, upon the petition of a majority of the creditors, in accordance with the statute, and an order was made directing the assignee to pay over the funds in his hands to Klein. Thereupon, McVeagh & Co., judgment creditors of Klein, filed a creditors' bill in the state court against Klein, his assignee, and the bank in which the funds of the estate remained on deposit. In this suit a receiver was appointed, who demanded and received from the bank the money of Klein deposited with it. At this juncture, Klein was adjudged bankrupt on his voluntary petition, and petitioned for the appointment of a temporary trustee of his estate, showing the pendency of the creditors' bill and the appointment of a receiver, and alleging the danger that the funds might be disbursed before a permanent trustee could be appointed. A temporary trustee was appointed, and he attempted to intervene in the action pending in the state court by petition setting up his title and the pendency of the proceedings in bankruptcy, and prayed for a stay of proceedings. This petition was heard by the state court, and dismissed for want of equity. Thereupon the temporary trustee filed his petition in the court of bankruptcy, setting up the same facts, and asking for an injunction against all the parties to the suit in the state court, forbidding the further prosecution of that suit. A restraining order was entered as prayed. The respondents filed their answer setting up all the proceedings in the state court, and particularly the application of the temporary trustee in that court, and the adjudication upon his petition denying the same, and alleging the solvency of the complainants and intervening petitioners in the creditors' bill, and averring that no advantage could be lost to the estate of the bankrupt even if the receiver, under decree, should pay over the funds in his hands to the judgment creditors. Respondents moved to dissolve the restraining order. Pending the hearing on this motion, a permanent trustee of the bankrupt's estate was appointed, but no decision had as yet been rendered by the state court in the creditors' suit.

W. A. Taylor, for trustee in bankruptcy.

Wheeler & Silber and Joseph W. Moses, for judgment creditors.

Charles A. Butler, for bankrupt.

KOHLSAAT, District Judge. In this case, since the argument, a permanent trustee has been appointed. No decree has been entered in the matter of the creditors' bill in the state court. In order that a proper record may be made in that suit, the permanent trustee should intervene therein by petition, and obtain a decision on his petition, so that he may, if upon legal advice he concludes so to do, perfect an appeal in case that court decides against his contentions. This court has heretofore interfered by restraining order, for the purpose of enabling the creditors to appoint a permanent trustee, and to give

such trustee time within which to intervene in the suit in the state court for the protection of whatever rights the general creditors may have in the funds held by the receiver appointed by the state court. The restraining order will be continued in force five days longer for that purpose, and will then be dissolved.