## In re RYBURN.

(District Court, D. Connecticut. April 2, 1906.)

### No. 185.

BANKRUPTCY—REOPENING ESTATE—EFFECT OF ORDER.

An order reopening an estate in bankruptcy after it had been closed, made on petition of creditors alleging that real estate transferred by the bankrupt shortly prior to his adjudication, and not scheduled by him nor

administered upon as a part of his estate, had been ascertained since the closing of the estate to have been fraudulently conveyed to conceal the same from his creditors and to belong to his estate, does not of itself authorize the bringing of a suit against the grantee to recover such property, and has no other effect than to leave the matter in the hands of the referee to cause the election of a trustee and to authorize such suit, or not, as he shall deem proper under the facts shown.

In Bankruptcy. On petition of Margaret E. Mooney, executrix to reopen hearing.

An order was made reopening the estate of the bankrupt on petition and affidavits of creditors showing that real estate transferred by him a short time before the bankruptcy, and not scheduled nor administered as part of his estate, was conveyed either as security only or in trust to be held for his benefit in fraud of his creditors. Subsequently Margaret E. Mooney, executrix of the estate of the grantee of such property, filed a petition to reopen the hearing on which such order was made, alleging that a suit had been brought against her to recover the property by one claiming to be trustee of the estate, and that the claims on which it was based were fictitious and vexatious. To this petition a demurrer and motion to dismiss were filed by the creditors.

De Forest & Klein and Canfield & Judson, for petitioner.
Stoddard, Marsh & Boardman, for claimants.

PLATT, District Judge. If such a situation exists, as suggested by counsel for the executrix, it would seem that the referee in charge of the matter in Fairfield county is the proper party to address. He is competent to take care that the bankrupt shall not use the creditors of the estate as stool pigeons. After a trustee on the estate opened April 2d shall have been appointed, he cannot go into the state courts without authority. It is not understood that the order reopening the estate can be construed as containing such authority. So far as the court is now concerned, it appears that certain property had been transferred by the bankrupt, prior to his adjudication; that it was omitted from his schedules and made no part in the settlement of his estate; that since such settlement facts have been discovered which lead creditors to believe that the transfer was fraudulent. They cannot act, without the estate shall be opened and a trustee elected. As the first step in such process, and an indispensable one, the court ordered the estate reopened, upon affidavit, on April 2d. Beyond that reopening, the matter rests for a time under the supervision and control of an exceedingly efficient referee. I am of the opinion that the showing at the ex parte hearing was proper and sufficient to support the order.

The petition of Margaret E. Mooney, executrix, asking for a reopening of the order of April 2, 1906, is dismissed. No action will be taken at present regarding costs.