WESTON ELECTRICAL INSTRUMENT CO. v. AMERICAN INSTRU-
MENT CO. et al.

(Circuit Court, E. D. Pennsylvania. March 20, 1909.)

No. 213.

PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

While, as a general rule, an adjudication of the validity of a patent will be required as a basis for the granting of a preliminary injunction against its infringement, it will not be required where the patent has been sustained by the Patent Office in interference proceedings with defendants and on successive appeals therefrom is clearly one of merit, and it also clearly appears that one of the defendants to whom the invention was disclosed by the patentee fraudulently appropriated and patented it as his own.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. Suit for infringement of letters patent No. 906,498, for shunts or electrical resistances, granted to Edward Weston December 8, 1908. Motion for preliminary injunction. Motion granted.

The bill alleges that the individual defendants, Benecke, Fischer, and Biddle, who were former employés of the complainant, had conspired to utilize the secret and confidential knowledge of the complainant's secret processes, devices, inventions, and trade secrets gained while in complainant's employ for their individual gain and profit by making, using, and selling devices made by the complainant's secret processes, and embodying the inventions owned by the complainant, including the invention of the patent in suit, and in furtherance of such conspiracy, and to evade personal liability, had formed the defendant corporation American Instrument Company, as a cloak under which to shield their unlawful acts and to escape personal liability. The patent in suit, No. 906,498, was granted to Edward Weston, assignor of the complainant, upon an application which had been in interference with United States patent No. 845,997, granted to the defendant Benecke, assignor of the defendant American Instrument Company, the latter patent having issued March 5, 1907, and being for the same invention as the letters patent in suit. As soon as this Benecke patent issued, Edward Weston, president of the complainant company, caused an application to be filed in his name for the same invention set forth in letters patent No. 845,997, and requested that an interference be declared between his application and the said letters patent No. 845,997. The interference was declared and testimony taken on behalf of Edward Weston, Benecke, however, electing not to take any testimony, and the issue came on for hearing before the examiner of interferences, who awarded priority of invention to Weston. Subsequently Benecke appealed in order to the board of examiners in chief, the Commissioner of Patents, and the Court of Appeals of the District of Columbia from this decision of the examiner of interferences. The board of examiners in chief and the Commissioner of Patents affirmed the decision of the examiner of interferences, and awarded originality and priority of invention to Weston, and the Court of Appeals of the District of Columbia dismissed Benecke's appeal on the ground that he had not duly perfected his appeal.

The evidence taken in the interference showed that Weston conceived the invention set forth in the issues and had disclosed the same to the defendant Benecke while Benecke was in the employ of the Weston Electrical Instrument Company, the complainant, and given him instructions to assist in reducing the invention to practice. Benecke, after his discharge from the complainant company, filed an application without the knowledge of Weston, for the invention which Weston had disclosed to him upon which application said letters patent No. 845,997 were issued. The defendant company, under the direction of the individual defendants, made and sold devices embodying the invention of the said patents Nos. 845,997 and 906,498, and shortly after the issuance of the letters patent in suit, upon the termination of the said interference, complainant filed its bill of complaint, and moved for preliminary injunction against the above-named defendants, relying in part upon the result of the interference proceedings.

The defendants American Instrument Company, Benecke, and Biddle interposed a demurrer, which was overruled, with costs, and the defendant Fischer filed a plea which was stricken from the files, with costs. Each of the said patents Nos. 845,997 and 906,498 recite in the specifications that the invention therein is an improvement over the invention of letters patent 497,482, issued May 16, 1893, to Edward Weston, the patentee of the letters patent in suit.

Horace Pettit and Seward Davis, for complainant.

ARCHBALD, District Judge[1] (orally). I suggested when I agreed to hear this motion that I should have to dispose of it upon the argument without taking the papers; and while I have only heard one party, and it is always unsatisfactory to decide a case without hearing from both, the case has been so fully and clearly presented that I will proceed, notwithstanding the lack of this, to the order which I propose to make.

[1] Specially assigned.

The case as it is disclosed appeals strongly to a court of conscience. There has been a complete and unblushing appropriation of the invention—a clear "steal" in the words of the street. The proof of this does not rest alone upon the affidavits filed, but has been established by the proceedings taken and the various and protracted appeals prosecuted in the Patent Office. It would be somewhat of a reflection upon the court under the circumstances if it were not willing to move promptly at the very outstart in such a case. It is true that ordinarily in applications for preliminary injunctions based upon infringement of letters patent an adjudication of the validity of the patent is required as a basis on which to grant this extraordinary relief; but the patent in suit has already been subjected to close and critical examination and by reiterated adjudications on appeal has been sustained, so that independent of any idea which I may have got from the argument, which certainly is strongly in its favor, and even if there existed any doubt in my mind, which there does not, I certainly would be inclined to yield my judgment for the time to the careful consideration which has been so shown. After an independent examination, however, of my own, such as it is, I see no occasion to doubt anything with regard to it. The device is clearly one of merit, and an inventive advance not only upon the existing art, but upon the previous patent granted to the same inventor, and the appropriation of it in the patent to the defendant the American Instrument Company, as assignee of Benecke, is very clear; no substantial distinction between them being able to be made. It would be an injustice therefore to allow a bankrupt concern, such as the defendant now is, and the other parties who have stood in confidential relations to the complainant company, to go on taking advantage of the wrong that they have perpetrated. And it would be a reflection on the court did it hesitate to brush aside in the interest of justice the technical defenses which the defendant's affidavits suggest.

Let a preliminary injunction issue as prayed for.

NOTE.—On April 16, 1909, upon a motion by the defendants for a rehearing of the above motion for preliminary injunction, after argument by counsel for the defendants in support of the motion, and by counsel for complainant in opposition, a rehearing was denied. Defendants' motion for stay of proceedings was also heard and argued at the same time, and was also denied.