VICTOR TALKING MACH. CO. v. HAWTHORNE & SHEBLE MFG. CO.

(Circuit Court, E. D. Pennsylvania. November 2, 1909.)

No. 175.

BANKRUPTCY (§ 156*)—ASSETS—RIGHT OF TRUSTEE AS TO PENDING ACTION.

Where, pending a suit in equity for infringement of a patent against a corporation, the defendant is adjudged a bankrupt, the complainant is entitled to file a supplemental bill, making its trustee a party defendant, that he may be bound by the decree, so far as that result may properly follow; whether or not he will make a defense being a matter to be determined by him and the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 156.*]

In Equity. Suit by the Victor Talking Machine Company against the Hawthorne & Sheble Manufacturing Company. On motion for leave to file supplemental bill. Motion granted.

See, also, 168 Fed. 554.

Horace Pettit, for the motion.
R. Stuart Smith, opposed.

J. B. McPHERSON, District Judge. This is a suit to redress the infringement of a patent. The bill prays for an account of profits, the delivery of the infringing apparatus for the purpose of destruction, and the usual injunction. The defendant appeared and answered, and took part in the examination of the witnesses that were called to make out the complainant's prima facie case. Shortly after the prima facie case was closed, the defendant was adjudged a bankrupt upon adverse proceedings, and a trustee was duly elected. The complainant now asks leave to file a supplemental bill to make the trustee a

party to the suit, and the application is resisted on the ground that the suit for infringement seeks redress for a tort, with which the bankrupt's estate has no concern, since a claim for damages founded upon a tort, unconnected with a contractual liability, cannot be proved against the assets and is not affected by the discharge. Re Boston, etc., Iron Works (C. C.) 23 Fed. 880; Re United Button Co. (D. C.) 140 Fed. 495. It is therefore contended that the trustee should not be compelled to appear in such a suit and spend the money of the estate in litigation, which may be prolonged and expensive, and can in no way benefit the creditors. It will be observed, however, that the present motion does not attempt to compel the trustee to make an active defense. It merely asks permission to make him a party, leaving him free to take such action thereafter as he may be advised, or as the bankruptcy court may direct. Certainly he is not bound to defend the suit, if the interest of the estate will not be affected by the litigation; but I can see no good reason for declining to make him a party of record, in order that he may be bound by the decree, so far as that result may properly follow. For example, part of the relief prayed for—the delivery of infringing apparatus to be destroyed—may apply to some of the bankrupt's property that has come into his hands; and in other respects, also, it is impossible to decide upon this motion whether or not the bill may injuriously affect the estate in his charge. In a given case it is readily conceivable that a decree for the complainant might seriously injure a valuable patent belonging to the bankrupt but not directly involved in the suit, and it might therefore be desirable to defend the action. This and like matters are for the trustee's consideration in the first instance, and he may then take whatever steps may seem most advantageous. The order that is now to be entered will only permit the complainant to make him a party. What else, if anything, he should be compelled or permitted to do, is a matter for future consideration by the proper court.

There is nothing novel about the pending motion. In Story's Equity Jurisprudence (10th Ed.) § 342, the author says:

"So, if the interest of a defendant is not determined, and only becomes vested in another by an event subsequent to the institution of the suit, as in the case of alienation by deed or devise, or by bankruptcy or insolvency, the defect in the suit may be supplied by supplemental bill, or a bill in the nature of a supplemental bill, whether the suit is become defective merely, or it is abated, as well as become defective. For in these cases the new party comes before the court in exactly the same plight and condition as the former party, is bound by his acts, and may be subject to all the costs of the proceedings from the beginning of the suit. But the distinction is constantly to be borne in mind between cases of voluntary alienation and cases of involuntary alienation, as by the insolvency or bankruptcy of the defendant. In the latter cases, the assignee must be made a party; in the former, he may or may not, at the election of the plaintiff."

In 3 Daniell's Chancery Pleading & Practice (Perkins' Ed.) Appendix, p. 2078, a form is given of a supplemental bill "against the assignee of a bankrupt defendant," the object of which is to make such assignee a party to the action. See, also, Chester v. Life Ass'n (C. C.) 4 Fed. 487; 1 Foster's Federal Practice (3d Ed.) § 187; 2 Bates, Fed. Eq. Prac. § 645; Walker on Patents (4th Ed.) § 625; 21 Encyclopedia of Pleading & Practice, p. 38, § 2.

Rule 57 of the equity rules promulgated by the Supreme Court is similar in effect:

"Whenever any suit in equity shall become defective from any event happening after the filing of the bill (as, for example, by change of interest in parties), or for any other reason a supplemental bill or a bill in the nature of a supplemental bill may be necessary to be filed in the cause, leave to file the same may be granted by any judge of the court," etc.

And section 11, subsec. "b," of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), provides in terms that:

"The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt."

It is clear, therefore, I think, that the complainant is entitled to have the trustee made a party to the pending bill, but that the trustee cannot be compelled to make an active defense, unless directed to do so by the district court. That tribunal is vested with complete authority to determine the advisability of such defense, and will no doubt act upon any proper application made by the trustee. Collier (7th Ed.) p. 221. It is therefore ordered that the complainant have leave to file the supplemental bill that was presented with the motion, and to serve it upon the trustee; but no order will be made requiring him to answer until he has had an opportunity to obtain direction from the bankruptcy court.

In Weston, etc., Co. v. American Instrument Co. (No. 213, October Sessions, 1908) 169 Fed. 659, permission was given by Judge Holland last May to file a supplemental bill making a trustee party to the record.

The motion is granted.