## In re MEADOWS, WILLIAMS & CO.

(District Court W. D. New York.   September 27, 1910.)

### No. 3,040.

BANKRUPTCY (§ 231*)—SUITS BY TRUSTEE—DUTY TO COMPROMISE.

It is the duty of a trustee in bankruptcy under Bankr. Act, July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), which requires him to collect and reduce to money the property of the estate under direction of the court, to bring suits for that purpose when there is probable cause to believe that a right of action exists; and section 56a, providing that "creditors shall pass upon matters submitted to them at meetings by a majority vote in number and amount of claims," does not vest such majority at a special meeting with authority to direct the trustee to compromise and discontinue a pending suit.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 231.*]

In the matter of Meadows, Williams & Co., bankrupts. On application for order directing trustee to compromise claim against Fannie B. How. Motion denied.

See, also, 173 Fed. 694.

Rogers, Locke & Babcock and Louis L. Babcock, for Fannie B. How.
Shire & Jellinek and Edward L. Jellinek, for trustee.
Clarence U. Carruth, for opposing creditors.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HAZEL, District Judge. Although the testimony on the examination before the referee concerning the conduct and property of the bankrupts is confusing and unsatisfactory, and raises a doubt in my mind as to whether the trustee may finally succeed in the action brought by him against Fannie B. How, I am nevertheless of the opinion that this court should not, without better reason than appears in the moving papers, interfere with the pending action in the state court, which is at issue and prepared for trial. The duties of the trustee are prescribed by the bankrupt act, and he must institute litigations whenever it is necessary for the purpose of collecting or reducing to money the assets of the bankrupt estate. By this obligation is not meant that he should burden the assets of the estate with costs and expenses arising out of all manner of questions that may be presented for litigation. There should be probable cause at least for believing that a right of action exists before the bankrupt estate is so burdened. His right to sue is incidental to the performance of his duties, and it is not thought strictly necessary for him to first obtain the consent of the creditors or leave of the court (Loveland on Bankruptcy [3d Ed.] p. 429), though perhaps the better practice is that he should do so (Collier [7th Ed.] 540).

In the present case, at a special meeting, creditors representing claims amounting to $340,311.35 favored a proposed compromise of the action brought by the trustee against Mrs. How. Creditors in a large amount did not appear, or signify their approval or disapproval, while the trustee and minority creditors, whose claims aggregate $53,854.36, objected thereto. It is now contended by the petitioner that, pursuant to section 56 of the bankrupt act (Act July 1, 1896, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3442]), which provides that "creditors shall pass upon matters submitted to them at meetings by majority vote in number and amount of claims," etc., the court should direct the trustee to accept the compromise offered. This section, however, cannot be given the effect claimed for it, as under section 55c the creditors could only take such steps at the special meeting as would tend to the promotion of the best interests of the estate; and, aside from this, such a construction would seem to be inconsistent with section 47 (2), specifying the duties of trustees.

The affidavits of counsel for the trustee, who conducted the examination before the referee, state that in his judgment a prima facie cause of action exists. In view of such affidavits and the rule hereinabove stated, applying to actions brought by trustees in bankruptcy, I must deny the application of the petitioner; but as a majority of the creditors in number and amount favor the proposed compromise, and are unwilling that the bankrupt estate should bear the costs and expenses of the litigation, a bond of indemnity must be executed and delivered within 30 days from the entry of the order herein by the creditors opposing the compromise, saving the bankrupt estate from costs, expenses, and counsel fees of the said litigation.

So ordered.