Charles F. Claiborne, Judge.

State ex Rel
John Segreto      **8058**

                                    No. 8058

vs

Judge Civil District Court, Div. "D".

December 20th, 1920.

8058

State ex rel

John Segreto

vs                                        No. 8058.

Judge Civil District Court, Div. "D"

CHARLES F. CLAIBORNE, JUDGE.

This is an application for a Mandamus to command the
Judge of the District Court to revoke an order setting aside
a default and to proceed with the trial of the case.

On March 2d, 1920, the plaintiff brought suit against
Joseph Gaeta in the Civil District Court under No. 130,678;
he alleged that he had leased to the defendant the premises
No. 1936 Poydras Street at $50 a month; that the defendant owed
him $150 for the months ending respectively on the 15th of each
of the months of December 1919 and January and February, 1920
and that he would owe him $100 for rent to become due on March
15 and April 15, 1920, or $250 in all; that he had the lessor's
lien and privilege on the property contained in the leased pre-
mises, and that he had good reason to fear that the defendant
lessee would remove the property contained in the said premises.
He prayed for a provisional seizure, for citation on defendant,
and for judgment against him for $250 with recognition of his
lessor's lien and privilege, upon the property contained in the
leased premises, and for the sale of said property and for pay-
ment of his claim out of the proceeds.

The order for provisional seizure was signed on March
2d, 1920.

In execution of said writ, the Sheriff seized and took
possession of a stock of groceries and an automobile truck.

On March 3rd, the day after the filing of the suit, by
motion, the plaintiff represented to the Court

"that the property herein seized by the Civil Sheriff
for the Parish of Orleans is perishable in its nature,
consisting of a stock of groceries etc., and it will be
to the interest and advantage of all parties if same is
sold without delay, which will save cost and expenses
incidental to keeping same. It is ordered by the Court

that the Civil Sheriff for the Parish of Orleans be and he is hereby directed to sell for cash the property seized herein and after advertising same twice within three days, that a sale be made on the premises where the property now is, without appraisement".

In accordance with said order the contents of the leased premises were sold by the Sheriff on March 6th. for $366.25.

On March 11th, 1920, a petition for involuntary bankruptcy was filed against Joseph Gaeta, and on the same day A. L. Pilsburg was appointed Receiver.

On March 12th, the Sheriff returned that he had not been able to serve Gaeta with a citation, and that he had been informed that Gaeta had left the State.

On March 18th, the Receiver took a rule on Segretto, the plaintiff, to show cause why the Sheriff should not pay to him all the proceeds of sale in excess of the claim of said Segretto for the purpose of being administered by him.

On March 20th, service of citation was accepted by "George J. Gulotta, Atty. for Jos. Gaeta".

On March 31st, Pilsburg, Receiver, filed what he termed an "intervention and answer" in which he denied all the allegations of plaintiff's petition herein; further answering he averred that on March 19th, the plaintiff took possession of said premises; and he prayed that plaintiff's demand for rent beyond March 19th be denied.

On April 26th, the plaintiff filed a supplemental petition on which he averred that the defendant had abandoned the leased premises; that he had left them in a filthy condition with locks and glasses broken and other damage and he claimed $25.70 for hardware and labor, and $6110 for paint and painters.

On May 11th, the plaintiff took a default against the defendant. This is the subject of controversy here.

On May 12th, Pilsburg, Receiver, filed what he again termed "an intervention and answer" to the above supplemental petition in which he denied all the allegations there in contained, and he prayed for judgment rejecting the demand.

On May 13th, the Receiver took a rule against Segretto

in which he alleged that notwithstanding the intervention and answer which he had previously filed on March 31st, the plaintiff had, on May 11th, taken a default against Gaeta, the defendant; that said default was illegal, and he prayed that the default be set aside and that the case be put upon the call docket to be regularly fixed and tried upon plaintiff's petition and the answer filed thereto by mover rule.

The rule was made absolute on June 18th, 1920.

On June 15th the Receiver, under authority and direction of the Bankruptcy Court, filed an additional answer to both the original and supplemental petitions.

Of the action of the District Court setting aside the default and ordering the case to be called and fixed, the plaintiff complains to this Court and prays for Certiorari and Mandamus commanding the Judge of the District Court to revoke his order setting aside the default and commanding him to proceed with the case and permit relator to confirm the preliminary default by him taken against the defendant. His allegations are:

1o That no intervention was ever served upon him and no citation prayed for;

2o That there is no such thing in law or in ; Code of Practice, or in the Practice of the Courts which permits the filing of an intervening answer;

3o That the Receiver cannot champion the rights of defendant, and if any creditor of Gaeta has any claims he must assert them against the property seized by intervention as provided by the Code of Practice, and that the Receiver must proceed in the same manner;

4o That the Receiver cannot interfere in a seizure made prior to his appointment arising from a privilege inherent to the nature of the claim itself, and that he can only claim the surplus after paying the plaintiff.

The Judge of the District Court excepted on the ground that relator had a remedy by appeal and that therefore he was not entitled to Mandamus and Certiorari; that under the law and jurisprudence regulating the practice in matters of bankruptcy, Receivers were entitled to appear and defend suits against the

bankrupt; that the appearance made by the Receiver, though styled an "intervention and answer" was in reality an answer; that the Receiver was not attempting to interfere with the jurisdiction of the State Court; that he was only calling on the plaintiff to make proof of his claim; that the answer of the Receiver legally prevented a default, and that the case must be regularly fixed and tried.

The numerous authorities quoted by respondent apply to cases where the writ of Certiorari was asked to issue in cases where the validity of the proceedings was attacked, and the inferior Court was asked to desist from further proceedings. Such is the object of the writ of Certiorari.

C. P. 856:

"This mandate concludes by enjoining upon the inferior judge to proceed no further in the case until judgment shall be pronounced on the regularity of his proceedings".

The authorities quoted by respondent would have been applicable,if,notwithstanding the Receiver's answer, the Court had entertained an application of the plaintiff'to confirm his default. Then the defendant could have applied for a . rtiorari.

But in the instant case the relief prayed for 'y relator is to command the trial court to permit him to confirm his default, and incidently only to revoke the order setting aside the default; in other words to compel the Judge to do his duty.

C.P. 837:

"It (Mandamus) may be directed more particularly to judges of inferior courts, commanding them to render justice and to perform the other duties of their office conformally to law".

If relator was entitled to the relief prayed for, his proceeding would be the proper remedy under the above article. 4 R., 227; 17 A., 252; 20 A., 521; 25 A., 136, 227; 34 A., 1177; 35 A., 1101; 36 A., 210; 41 A., 41; 47 A., 1482; 50 A., 552; 106 La., 425, and more especially 30 A., 156.

1o - 2o The first and second points made by the plaintiff against the "intervention and answer" of the Receiver may

be treated together. It is immaterial what "name" the Receiver gave to his appearance in the case. Its name will be determined by its averments and object. The relator takes exception to the name of "intervention" given to it. Granted that he is right, the name of "answer" remains, and it is a question of law whether the Receiver had the right to file an answer in the case. If he had, then his answer prevented the plaintiff from taking a default.

3o Sec. 70 of the Bankrupt Act of 1898 vests the property of the bankrupt act in the trustee. Whatever may be the right of a defendant to allow a suit pending against him to proceed after his bankruptcy and his right to defend it, the statute specially confers upon the trustee the right to intervene and defend the suit in the interest of the creditors.

Sec. 11 ≤ b says:

"The Court may order the trustee to enter his appearance and defend any pending suit against the bankrupt".

Where at the time of an adjudication in bankruptcy property of the bankrupt is in the hands of a receiver appointed by a State Court, the trustee should intervene in such suit for the protection of the interests of the creditors of the estate. In re Klein, 97 Fed. 31.

Congress might have provided that all pending sits, with or without seizure, should abate by the bankruptcy of the defendant. It has not done so; but it has wisely conferred upon the Court the right to order the trustee to defend such suits. It certainly meant that the trustee should take the place of the defendant and plead instead of him. How otherwise would the object of the law be attained? If plaintiff could take a default and confirm it in this case, his execution would reach the money in the Sheriff's hands. How could the Receiver protect the creditors after the property of their debtor had gone into plaintiff's hands. After a trial against the Receiver plaintiff's claim might prove unfounded. But it would then be too late to benefit the creditors. Bankruptcy proceedings are in the nature of a concurso, and persons asserting claims against the bankrupt must make proof of their claims contradictorily

with the representatives of the creditors, in order to protect them against fictitious demands. In Schall vs Kinsella, 117 La., 695, the Court said:

> "The trustee having made himself a party to the suit and contested plaintiff's demand, became a defendant in the case for the carrying on of the same to termination".

We conclude, therefore, with the Judge of the District Court, that the appearance of the Receiver, by intervention and answer, had the same force as an answer by the defendant himself and had the effect of preventing the plaintiff from taking a default against the defendant, and that the case must be regularly called and fixed for trial upon the issues raised by the Receiver.

4o The relator is correct in his proposition thatthe Receiver cannot claim the property of the bankrupt to the prejudice of the previous seizure made to satisfy a contractual privilege. 117 La., 687; 123 La., 319; 132 La., 235; 16 Wall (83 U.S.), 551; 225 U. S., 639.

But the pleadings of the Receiver dislaim any such intention.

It is therefore ordered that the rule nisi be recalled and that the Certiorari and Mandamus be denied.

Mandamus denied.

December 20th, 1920.