## HALL v. MAIN.

District Court, E. D. Illinois. August 22, 1929.

No. 178–D.

John J. Bullington, of East St. Louis, Ill., Conger & Elliott, of Carmi, Ill., and Lewman & Carter, of Danville, Ill., for plaintiff.

J. W. Browning, of Harrisburg, Ill., H. A. Evans, of Metropolis, Ill., and Acton, Acton & Snyder, of Danville, Ill., for defendant.

LINDLEY, District Judge. The plaintiff, as trustee in bankruptcy of Daniel E. Rose, seeks to set aside a sale of 65 head of cattle by Rose to defendant, Main, for

$4,900, early in December, 1928, within four months prior to the filing of a voluntary petition and adjudication in bankruptcy of Rose, on the ground that the sale was in violation of the Bulk Sales Law of Illinois.

Rose was a farmer. The cattle constituted all of his stock of feeding, breeding, and milking cattle, including 13 steers, the balance being cows, some with calf and some shortly to bear calf. His only other assets were his farm implements and some hogs, which were sold at public auction a few days after the sale of the cattle to Main for approximately $2,000. He had been gradually disposing of corn and certain other property during the fall, apparently in the regular course of business. When the cattle were delivered, the presidents of the First National Bank of Carmi and of the First National Bank of Vienna, each having extensive claims against the bankrupt, learning of the sale, approached Main, protested as to the validity of the sale, asked him to stop payment upon the check he had given in payment, offered to indemnify him against damage, and prepared and forwarded to him such contract of indemnity. These two gentlemen testified that Main agreed to accede to their request. This he denies. The day following the conversation, being the day prior to the receipt by Main of the written contract of indemnity, at the request of the bankrupt, Main gave a new check upon a Metropolis bank to one Clara Harris of Cairo, whom the bankrupt shortly thereafter married. This check was cashed, and Rose and Miss Harris disappeared. Later Rose filed a petition in bankruptcy and was adjudicated bankrupt. His exact whereabouts are unknown. During the fall, preceding the sale of the cattle to Main, Rose sold various assets, which over and above the amount received at the auction, but including the cattle sold to Main, produced over $8,000, no part of which found its way to the trustee.

In view of these facts, the sale to Main was void, in violation of the Bulk Sales Law of Illinois. See Cahill's Rev. St. 1929, c. 121a, pars. 1, 2, and 3. That act provides that the sale of the major part of the goods and chattels of the vendor's business, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the vendor's business, shall be fraudulent and void as against the creditors of the vendor, unless certain notice is given. Main gave no notice of the purchase in question. The statute applies to sales made by farmers. Weskalnies v. Hesterman, 288 Ill. 199, 123 N. E. 314, 4 A. L. R. 128. The sale of all of the cattle stock of the bankrupt, including his feeding, milking, and breeding cattle, was a sale of the major part of his goods and chattels, not in the regular or ordinary course of business or trade.

Defendant relies upon the case of Larson v. Judd, 200 Ill. App. 420. The court is of the opinion that the reasoning of that case supports the conclusion of this court in the present instance. There the court found that the goods and chattels sold did not constitute the major portion of the assets of the bankrupt. In the instant case, at the time of the sale challenged, the total value of bankrupt's other property was about $2,000.

Furthermore, if there be anything in that case at variance with the court's conclusion here, it should be borne in mind that by the statutes of the state of Illinois (Cahill's Rev. St. 1929, c. 37, par. 49) the decisions of the Appellate Court are by legislative enactment forbidden to be accepted as binding precedents, and therefore cannot be accepted by the federal court as determinative of the law of the state.

Defendant contends that the trustee is estopped to maintain this suit by the judgment entered in a trial of right of property in Massac county, in a suit between Main, as plaintiff, and the First National Bank of Carmi, Ill., judgment creditor, as defendant, on the ground that the trustee participated in that trial and was in fact a party to the same, although not nominally so.

The First National Bank of Carmi, Ill., procured judgment against the bankrupt within four months prior to the adjudication in bankruptcy. Before the filing of the petition in bankruptcy the bank caused an execution upon said judgment to be levied upon the cattle delivered to Main. Main served notice of the trial of rights of property, a special statutory proceeding in Illinois wherein, after such notice is served, the county court proceeds without written pleadings to determine, as between the claimant and the judgment creditor, whether or not the claimant is the owner of the property. Marshall v. Cunningham, 13 Ill. 20. The statute makes no provision for intervention by any person.

The time of trial was continued from time to time until after the petition in bankruptcy was filed, and finally in March, 1929, a trial was had between Main and the bank upon Main's claim of ownership. At this hearing the trustee in bankruptcy appeared and filed written objections to the

jurisdiction of the court, setting up the intervention of bankruptcy and asking the court to desist from further hearing. The court overruled the objections and proceeded with the trial. The trustee did not thereafter file in that cause any claim of ownership to the property, or intervene therein in any manner. The trustee is also president of the bank and testified at the trial. Some of the counsel who now represent the trustee in that trial represented the bank. The jury returned a verdict in favor of plaintiff, and judgment was entered accordingly. The record discloses no other facts with regard to the activities of the trustee in that trial. It fails to show that the trustee as such employed counsel, or that in his fiduciary capacity he participated in any manner in the trial. He asserted no title as trustee.

In this connection we must first determine what authority the trustee had to appear in the state court. The bankruptcy court may order the trustee to enter his appearance and defend any pending suit against the bankrupt. See Bankruptcy Act, § 11b (11 USCA § 29(b). Under this subsection the court may, but need not, order the trustee to intervene, and the trustee may not so act without first obtaining the approval of the bankruptcy court. See In re Porter & Bros. (D. C.) 109 F. 111; In re Price (D. C.) 92 F. 987; Bear v. Chase, 99 F. 920 (C. C. A. 4). The state court may not compel a trustee to intervene. Collier on Bankruptcy (13th Ed.) vol. 1, p. 421. But a plaintiff may be entitled to have a trustee made a party defendant in the state court, although he cannot be compelled to answer, except by direction of the bankruptcy court. Victor Talking Machine Co. v. Hawthorne, etc., Co. (C. C.) 173 F. 617. The bankruptcy court may restrain the action in the state court for such time as will permit the trustee to prepare his papers and intervene. In re Klein (D. C. Ill.) 97 F. 31.

Remington says that the trustee need not obtain the approval of the court in advance of starting a suit for the recovery of property or debts, but there are no authoritative decisions to such effect. In view of the fact that the trustee occupies a dual position—that is to say, that he is both officer of the court and has title to the general assets in trust for unsecured creditors—he should not be allowed to endanger the estate by engaging in cumbersome and expensive litigation without permission of the court of which he is an officer. There are many decisions to the effect he shall not begin suits to set aside fraudulent or preferential transactions without applying for and obtaining direction of the referee in bankruptcy. In re Mersman, 7 Am. Bankr. Rep. 46.[1] And in Re Meadows, Williams & Co. (D. C.) 181 F. 911, the court remarked it was good practice to obtain such leave, without deciding whether or not it was absolutely necessary. Judge Platt, of the District Court of Connecticut, held in Re Ryburn, 145 F. 662, that after a trustee has been appointed by the court he cannot go into the state court without authority. "Trustees in bankruptcy are not justified in rushing the estates of bankrupts into doubtful or unproductive litigations." Judge Ray, In re Harper (D. C.) 175 F. 412, at page 428.

There was no suit pending against the bankrupt, nor was there any suit instituted by the trustee. The only suit pending in the state court was the trial of right of property by the alleged owner of the property, levied upon by a judgment creditor as the property of the bankrupt. The trustee did not institute this suit. The only defendant in the suit was the judgment creditor. The trustee did not attempt to intervene or set up any claim to the property. He apparently recognized the fact the county court could take no cognizance of any issue other than that permitted by the statute. It seems clear that the trustee could not become a party to the suit, so as to be bound by the judgment, without being directed by the court which appointed him, and that filing written objections to the jurisdiction of the court does not make the trustee a party defendant. Thus the Circuit Court of Appeals for the Fifth Circuit, in the case of Pugh v. Loisel, 219 F. 417, at page 424, said:

"The contention was made in argument that the trustee in bankruptcy, by his appearance and participation in the suit brought in the state court, submitted himself to the jurisdiction of that court and estopped himself from later applying to the court below for relief. This contention is untenable. The trustee's appearance in the state court plainly was for the sole purpose of questioning its right to exercise the jurisdiction which was claimed in its behalf. He is not to be held to have voluntarily submitted himself to the jurisdiction of that court by protesting against its exercise of jurisdiction."

---

[1] Referee's opinion.

■ Suits against receivers and trustees may not be instituted or prosecuted against such parties in any other court, other than that of their appointment, without leave of the court previously making the appointment, except where they have been ordered to conduct the business. So, where the receiver had not been authorized to carry on the business of the bankrupt, it was held that no action against him could be maintained in the state court without permission 'of the bankruptcy court. In re Kalb & Berger Mfg. Co., 165 F. 895. (C. C. A. 2).

It is apparent, therefore, that the better rule is that in litigation such as that now being considered, the trustee had no authority to become participant in the state court trial, so as to be bound thereby, and that his appearance for the sole purpose of objecting to the jurisdiction of the state court did not subject him or his rights to that court's jurisdiction.

If the court be in error in the conclusion just stated, and the trustee might become bound by the judgment in the state court, it is then necessary to determine whether he is so bound under the record in this case.

■ A third person who comes into a pending action by interpleader, setting up a claim to the subject in controversy, is concluded by the judgment, provided he make himself actively and substantially a party. He will not be concluded if he withdraws or abandons his claim, if for any reason it is not considered or adjudicated, if he merely obtained leave to interplead but goes no further, or his application is denied, or if it is denied, except upon his compliance with terms with which he refuses to comply. 34 C. J. 1005, and cases there cited. Therefore, in view of the fact that the only intervention of the trustee was to file written objections to the court's jurisdiction, which were overruled, and in view of the statute, which provides for no intervention in such trials, it is apparent that the trustee did not become an intervening party whose rights were considered or determined by the court.

■ It is also true that a person who is not a defendant of record, and not in privity with the party to the action, may, as a general rule, subject himself to be concluded by the result of the litigation, if he openly and actively assumes and manages the defense of the action. But to bring about this result it is necessary that he do so for the protection of some interest of his own, or to escape some liability on his own part, that he should defend the action openly and avowedly, and with notice to the adverse party, and that he should be practically substi-tuted for the defendant in the management and trial of the case. It is not sufficient to bind him that he merely advised or aided in the trial, gave evidence, and cross-examined witnesses, or joined in the appeal. See I. T. S. Rubber Co. v. Essex Rubber Co. (D. C.) 270 F. 593; Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 32 S. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875; Walz· v. Agricultural Ins. Co. (D. C.) 282 F. 646; Rowe v. Kidd (C. C. A.) 259 F. 127; 15 R. C. L. 1011; 34 C. J. 1007; Pendleton v. Russell, 144 U. S. 640, 12 S. Ct. 743, 36 L. Ed. 574; Van Kannel Revolving Door Co. v. Winton Hotel Co. (D. C.) 263 F. 988; 34 C. J. 1009. In view of the fact that the trustee did not as such take part in the trial, that there is no showing that he employed counsel, that he apparently participated in the trial only in the capacity of president of the bank, and not in his fiduciary capacity of trustee for all creditors, there is nothing in the record to create an estoppel against him as a stranger to the case. A party acting in one right can neither be benefited nor injured by a judgment for or against him when acting in some other right. 15 R. C. L. 1013, and cases there cited.

■ Nor can it be said that the trustee is bound as a privy of the judgment creditor. A privy is one who derives his rights or his title to property from another, such as donor and donee, lessor and lessee, and successors in office. 15 R. C. L. 1015, and cases there cited. The trustee did not come into any right to the property in question by succession to the rights of the judgment creditor by contract or by law. Under the Bankruptcy Act, the record showing the bankrupt to have been insolvent when the judgment was obtained, and the same having been obtained within four months preceding the bankruptcy, it was thereupon rendered null and void. The trustee derived no title from or through the judgment creditor. He could have succeeded to the judgment creditor's right only by asking the bankruptcy court to preserve for him the execution lien, and in the absence of such order by the bankruptcy court that lien became null and void. Privity is not established from the mere fact that persons may be interested in the same question, or in proving the same state of facts, or because the question litigated was one which might affect such other person's liability as a judicial precedent in a subsequent case. 15 R. C. L. 1016. It follows, therefore, that there is no estoppel by judgment because of any privity between the trustee and the judgment creditor.

Furthermore, apparently the proceedings in the state court were of no effect. As stated, at the time the judgment of the First National Bank of Carmi was obtained, the bankrupt was insolvent. Within four months of that time he was adjudicated bankrupt. Under the Bankruptcy Act the judgment thereupon became void and the execution lien a nullity. See Bankruptcy Act, § 67c (11 USCA § 107 (c). The only defendant before the court at the time of the trial was the execution creditor, which had for some time had no lien. There was no actual controversy with a defendant who had any rights; there was no defense that could be asserted; the trial was merely a moot trial of an academic question, and therefore of no legal effect.

The sale having been void, in violation of the Bulk Sales Law of Illinois, and there being no estoppel against the trustee to assert the invalidity, it follows that the plaintiff shall have a decree as prayed at the costs of defendant.

The trustee insists that he should recover from Main an item of $2,300 alleged to have been incurred in the preservation of the cattle pending the trial of right of property in the state court. There is no legal ground for the recovery of the same from the defendant. Those costs were caused by the judgment creditor's levy. The possession of the cattle was in the sheriff, and not in the trustee, and was of no benefit to the estate. The trustee not having seen fit to ask the bankruptcy court to preserve the lien of the execution creditor for the benefit of the estate, there is no ground upon which the trustee could become liable for said costs, and, not being liable, there is no ground upon which he could collect the same against the defendant.