THOMAS K. WINSOR *et al. vs.* PILGRIM SHOE MACHINERY COMPANY.

FEBRUARY 1, 1919.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Receivers.*

State taxes being debts of a public character are entitled to preference in the liquidation of a corporation by a receiver appointed under Gen. Laws, 1909, cap. 213, § 27, as amended.

*(2)   Taxes.   Receivers.   Priority.*

Under the provisions of Gen. Laws, 1909, cap. 213, § 27, as amended by Pub. Laws, cap. 780 (1911–1912), a petition was filed for the appointment of a receiver and the dissolution of a local corporation.  Insolvency was alleged.  The decree appointing the receiver instructed him to "take possession of the assets . . . carry on the business . . . liquidate its assets and distribute the same ratably among its creditors."

Prior to the appointment of the receiver an attachment had been placed on the stock and fixtures of the company by a creditor.  Upon demand made by the receiver the property under attachment was surrendered to him by the deputy sheriff.  The value of the property attached was greater than the amount of the claim.

*Held,* that the attachment of the creditor was not vacated by the appointment of the receiver.

*Held,* further, that the decree of the court directing the receiver to take possession of the assets and carry on the business, of necessity required that the receiver should be allowed to take possession of the property attached.

*Held,* further, that the attaching creditor was entitled to the benefit of the security of the attachment and the legal priority thus obtained would be protected in equity in the disposition of the proceeds from the sale of the assets to the amount of the value of the property attached.

PETITION for appointment of a receiver.    Heard on appeal from a decree of the Superior Court as to certain priority claims.  Appeal dismissed.

STEARNS, J.   This is an appeal by Charles W. Underwood, receiver of the Pilgrim Shoe Machinery Co., and by the Pilgrim Shoe Machinery Co. from a decree of the Superior Court whereby the Superior Court decreed that a certain claim of the Mechanics National Bank and the claim of the State of Rhode Island for taxes against the said machinery company had priority over certain other claims. The original petition was for the appointment of a receiver and the dissolution of the Pilgrim Shoe Machinery Co., a corporation organized under the laws of Rhode Island and located and doing business in the city of Providence.   The petition was brought under the provisions of the statute (Chap. 213, Sec. 27, Gen. Laws, 1909, as amended by Chap. 780, Pub. Laws, 1911-1912).   The petitioners are the directors and are also stockholders and creditors of the company; they allege that the company is insolvent.

The petition was filed in the Superior Court, June 18, 1918, and on the same day Charles W. Underwood was appointed receiver by a decree of that court.   By said decree the receiver was "instructed and authorized to take possession of the assets and effects of said corporation, collect the indebtedness due to said corporation, carry on the business of said corporation, fill all orders on hand, liquidate its assets, and distribute the same ratably among its creditors."

Prior to the appointment of the receiver on May 24, 1918, the Mechanics National Bank of Providence had brought an action in assumpsit in the Superior Court, county of Providence, to recover the principal and interest then due from the respondent corporation on its promissory note for $2,900.   On the 25th day of May, 1918, the stock and fixtures of the respondent's shoe machinery shop were attached pursuant to the directions in the writ in said action; this action is still pending in the Superior Court.

The receiver at once, upon his appointment, went to the shop of the shoe machinery company and demanded possession of the stock and fixtures which were held by the deputy sheriff under the writ of attachment referred to and

thereupon possession was surrendered by the deputy sheriff to the receiver.   On June 19, 1918, on motion of the receiver, appraisers were appointed to appraise the value of the property.   August 15, 1918, the motion of the receiver for leave to sell all the assets of the company at public auction or private sale was granted by the Superior Court.

(1)   It is admitted that there was due from said corporation to the State certain corporate excess taxes, assessed under the Tax Act of 1912 (Pub. Laws, Chap. 769).   The receiver petitioned the Superior Court for a determination of the claim for priority of payment of these and certain other claims.   The Superior Court held that the unpaid taxes due to the State and the claim of the Mechanics National Bank should be paid as preferred claims.   The case is now before this court on appeal by the receiver and the corporation from this decree.

At the hearing before this court the appellants did not press the appeal from the decision of the Superior Court directing priority in the payment of the State taxes.   These State taxes are debts of a public character and as such are entitled to a preference in insolvency proceedings.   See *Ins. Commissioner* v. *Commercial Insurance Co.*, 20 R. I. 7.

The only question remaining is in regard to the claim of the bank to the right of priority in payment of its claim.   As the proceeding in this case is a statutory proceeding the question before us must be considered by reference to the (2) provisions of the statute.   Section 27 above referred to is not restricted to the case of insolvent corporations but its provisions are also applicable to solvent corporations.   The dissolution of the corporation and the appointment of a receiver, in the cases specified therein, may be the result of voluntary action on the part of the stockholders, or by adversary proceeding by the creditors, or by the State itself in cases where there is ground for the forfeiture of the charter.   The statute contains no provision for the vacating of an attachment, and in that respect differs from Gen. Laws, Chap. 338, Sec. 4, "Of Assignments at Common Law

for the benefit of Creditors," and Chap. 339, Sec. 39, by which it is provided that in the cases specified the attachment if made within four months of the assignment shall be dissolved thereby.

The attachment of the bank therefore was not vacated by the appointment of the receiver in this case. As the Superior Court has found that there was no abandonment of the attachment by the bank, we now come to the consideration of the legal effect of the acts of the parties. Chapter 213, Sec. 30 of the Gen. Laws, 1909, is as follows: "The court shall have jurisdiction in equity of the application and of all questions arising in the proceedings thereon, and may make such orders and injunctions and decrees therein as justice and equity require." Section 28, as amended by Chapter 425 of the Public Laws, is as follows: "Such receiver shall take charge of any such corporation's estate and effects of which he has been appointed receiver, and he shall collect the debts and property belonging to it. He shall have power to prosecute and defend suits in its name or otherwise, to intervene in any action, suit, or proceeding relating to such estate or effects, and to appoint agents under him. He shall have power, under the direction of the court, to preserve the assets of such corporation, to carry on its business, to sell and convert such assets and property into cash, to redeem any mortgages, conditional contracts, pledges, or liens of or upon any such property, refer any controversy or dispute concerning any such property to arbitration, compromise any controversy or dispute concerning any such property, and generally to do all other acts which might be done by such corporation, or that may be necessary for the administration of his trust, according to the course of equity."

The powers of the court and its officer, the receiver, were considerably enlarged and more clearly defined by the amendment in Chapter 425. The purpose of the act is to give to the court ample power of control in the temporary management of the corporate affairs and property in order

that the interests of all parties concerned including stock-holders and creditors may be conserved. The receiver, under direction of the court, is empowered to preserve the assets of the corporation and to redeem liens upon the property. As the claim of the bank was not disputed and the value of the property attached was greater than the amount of the claim, the court might have directed the receiver to pay the claim and thereby release the lien of the attachment, or the court in its discretion might do as it did in the case at bar, that is, direct the deputy sheriff in possession of the property attached to surrender possession thereof to the receiver. As the decree of the court directed the receiver to take possession of the assets and effects of the corporation, to carry on the business and fill all orders on hand, the order of the court of necessity required that the receiver should be allowed to take possession of the shop and fixtures, as otherwise the business could not have been continued.

The attaching creditor has no vested right to a particular form of remedy but he is entitled to the benefit of the security of the attachment and the legal priority thus obtained will be protected in equity by the court in the disposition of the proceeds from the sale of the assets. In the circumstances it was the duty of the deputy sheriff to surrender the possession of the property attached to the receiver when the demand was made. The property still remained in the custody of the court and subject to its control; the possession thereof by the order of the court was changed from one officer to another officer of the same court. The attaching creditor has not lost the benefit of its attachment, but is entitled to priority in the payment of its claim to the amount of the value of the property attached. To hold otherwise, in our opinion, would be to defeat the purpose of the act. For instance, in the case of successive attachments on the same property, if the usual procedure at law was followed, the result oftentimes would be to cause unnecessary expense and delay to the parties interested.

The court by taking control of the property and by disposing of the various claims so far as possible in one proceeding is in a position to act promptly and avoid waste of the assets.

The appeal is dismissed, the decree of the Superior Court appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Waterman & Greenlaw, Charles E. Tilley,* for Pilgrim Shoe Machinery Company.

*Baker & Spicer,* for Mechanics National Bank.

*Herbert A. Rice, Attorney General, and Lester S. Walling,* for General Treasurer.