### REED v. ALASKA MINES CORPORATION.

(Second Division. Nome. June 24, 1921.)

No. 2870.

**1. Abatement and Revival** ⟨⟩⟶43—**Receiver—Actions.**

No action abates by reason of the appointment of a receiver, nor does such appointment stay or enjoin prosecution of such action to judgment. The appointment of a receiver simply marshals the assets for proper distribution, and prior claims and liens having preference still hold their place. By the appointment of a receiver the assets are held in trust for payment to those legally and ultimately entitled thereto, the receiver acquiring no other, greater, or better right or title than the debtor had in the first instance.

**2. Receivers** ⟨⟩⟶206—**Ancillary, in Aid of Virginia Court.**

The court in the state of Virginia appointed a receiver for certain property of defendant, including mines in Alaska. On application to the district court for Alaska for the appointment of an ancillary receiver in Alaska. *Held,* the court appointed the Virginia receiver as such ancillary receiver in Alaska, where the mines existed, in aid of the Virginia court's jurisdiction.

**3. Receivers** ⟨⟩⟶206—**Pleadings.**

On application for the appointment of a local receiver in Alaska in aid of the receiver appointed for the same property in Virginia, a local mortgage creditor appeared specially and protested against such appointment. *Held,* the protestant is not a party to the suit, and should intervene or apply to consolidate the local receivership proceeding with the local mortgage foreclosure.

⟨⟩⟶See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This is a bill in equity asking that an ancillary receiver be appointed, in aid of the state of Virginia court (the court of original jurisdiction), of property in the second division, territory of Alaska, and within the jurisdiction of this court. All the primary steps for the appointment of a receiver by the Virginia court are fully set out in the bill by duly authenti- cated and amplified records of the Virginia court.

All the allegations as set out in said bill are duly admitted by the answer of the defendant.

E. E. Powell, trustee, by leave of court, appeared specially opposing the appointment of a receiver for certain property, stating that he held in trust certain unpaid notes secured by a certain trust deed and mortgage which covered the greater portion of the Alaskan property for which the application for an ancillary receiver is made.

The facts set out in the Powell petition were duly admitted by both complainant and defendant.

There are only two salient points to be considered: First, the insolvency of defendant corporation; and, second, the marshaling of its property and assets to prevent their dissi- pation.

These have not been contravened in any manner, but, on the contrary, have been admitted. There is no question but that the defendant company is insolvent, in so far that it cannot meet its just debts and liabilities, even though its assets might be of such magnitude, if properly handled, as to meet the ob- ligations in full. It is in such a financial condition that it is unable to finance itself and proceed with the development of its property and an ultimate sale is inevitable. There is, how- ever, grave danger that property might be dissipated, incum- bered, and possibly lost, if not properly administered; there- fore the sooner a sale is made the better for all concerned, especially for the unsecured creditors.

All past and present history of the property in question shows that it is very much mixed, complicated, and involved; that no one can deal with it in safety; therefore the same ought to be settled, once for all, in justice to the various par- ties interested.

G. C. H. Corliss, of Portland, Or., for plaintiff.

R. E. Capers, of Seattle, Wash., for defendant.

Ira Norton, of Nome, for protestant.

HOLZHEIMER, District Judge. No action abates by reason of the appointment of a receiver, nor does such appointment stay or enjoin prosecution of such action to judgment. The appointment of a receiver simply marshals the assets for proper distribution, and prior claims and liens having preference still hold their place. By the appointment of the receiver the assets are held in trust for payment to those legally and ultimately entitled thereto, the receiver acquiring no other, greater, or better right or title than the debtor had in the first instance.

To enable him to raise any question as to any matter in this suit the party raising the same must be a party thereto. Powell is not properly before the court for any purpose. His remedy is to intervene and ask to be heard to have his rights adjudicated. The court has permitted this special appearance, and heard counsel for its enlightenment that he might be better informed as to the conditions and facts surrounding this case.

Having all the facts in mind, what is the situation that confronts us? The record (over which there is no dispute) shows that the plaintiff herein applied to the Virginia court (the court of original jurisdiction) for the appointment of a receiver of the defendant corporation; that Norman C. Stines was appointed the duly authorized receiver, by said Virginia court, of the defendant corporation. The plaintiff now appears in this court and asks that an ancillary receiver be appointed, in aid of the Virginia court, of all property of the defendant corporation within the jurisdiction of this court, and further requests that Norman C. Stines be named such ancillary receiver, which is right and proper, and practically all the authorities so hold, reserving for itself, however, the scope of such aid.

All the property and assets of the defendant corporation for which the receiver was appointed in the Virginia court and now seeks ancillary appointment in aid thereof in this court being within the jurisdiction of this court, said appointment can and should be made. However, the authority under such appointment cannot and should not be made which would in any wise hamper, incumber, or in any way interfere with the securities, such as mortgages, etc., within this jurisdiction. He cannot attach the expense of the receivership so

as to lessen or impair the security. The receiver stands in the shoes of the debtor and only such expenses are chargeable as are necessary for its protection, and no other rights can be conferred by any order of this court.

There is a present indebtedness against the defendant corporation of about $1,000,000 evidenced by mortgages and unsecured creditors, carrying a yearly interest of about $70,000. $100,000 is now due under a certain trust deed, mortgage, and notes held by E. E. Powell, as trustee. In fact, foreclosure proceedings have been instituted and are now on file in this court; therefore the receiver standing in the place of the debtor would only have the right to the equity, if any there be, unless the same be paid.

It seems to me that, in order to save time, conflicting suits, unnecessary expense, and depreciation of the property, and to protect the various interests of all concerned and thus affected, there ought to be a consolidation of all the interests, the mortgages foreclosed, and the property sold at once.

In accordance with the foregoing views, I will appoint the Virginia receiver, Norman C. Stines, as ancillary receiver in this court, and fix his bond at the sum of $5,000 (while in aid of the Virginia court, he will be directly responsible to this court in the first instance for all the property within its jurisdiction, making his ultimate findings and return to the Virginia court), adopt all the orders and findings of the Virginia court not in conflict with this order, and consolidate the Powell foreclosure case, if necessary, and steps will be taken to bring all the other conflicting interests within and settled in this action.

You may present such an order, and we will proceed along these lines.