GROCERY SUPPLY, Inc., a corporation, Plaintiff,

v.

McKINLEY PARK SERVICES, Inc., a corporation, Defendant.

SUNTRANA MINING CO., Inc., Plaintiff,

v.

McKINLEY PARK SERVICES, Inc., Defendant.

CHACE PHOTO ENTERPRISES, an Alaskan corporation, Plaintiff,

v.

McKINLEY PARK SERVICES, Inc., an Alaskan corporation, et al., Defendant.

Nos. A–10106, A–10200, A–9444.

District Court, Alaska
Third Division, Anchorage.

March 7, 1955.

695

Davis, Renfrew & Hughes, Anchorage, Alaska, for plaintiffs Grocery Supply Inc. and Chace Photo Enterprises.

E. L. Arnell, Anchorage, Alaska, for plaintiff Suntrana Mining Co., Inc.

Evander C. Smith, Anchorage, Alaska, for defendant McKinley Park Service Inc.

Albert Maffei, Anchorage, Alaska, receiver for defendant.

FOLTA, District Judge.

The questions presented stem from the motions of the receiver in Suntrana Mining Co., Inc., v. McKinley Park Services, Inc., to set aside the entry of default in Grocery Supply, Inc. v. McKinley Park Services, Inc., and to consolidate these cases with the Chace Photo Enterprises case. For the purpose of argument these cases were treated as consolidated.

I am of the opinion that the right to consolidate turns on whether the entry of default may be set aside at the instance of the receiver.

The facts bearing on the default aspect of the problem may be summarized as follows: On August 4, 1954, Grocery Supply, Inc., commenced an action against the defendant for goods sold and delivered, and attached its bank account. Default was entered but on September 27, 1954, before judgment could be obtained, a receiver was appointed in the Suntrana case and he now seeks to set aside the entry of default in the Grocery Supply case on the ground that it would be in the interest of all the creditors if all the funds were turned over to him. The problem, then, concerns the effect of the appointment of a receiver upon a pending attachment action and presents itself in a double aspect—the right of the receiver to possession of the attached property, and the right of the creditor to prosecute the pending action against the defendant to judgment.

■■ It is well settled that a pre-existing lien is unaffected by a receivership and that the receiver's possession of the assets is subject to existing liens and equities, 75 C.J.S., Receivers, § 128, p.

766; 1 Clark on Receivers, 2d Ed. 835, Sec. 610(a); but the receiver is entitled to the possession of the encumbered property and upon disposition thereof by the court, by sale or otherwise, the attachment creditors will be protected. 1 Clark on Receivers, 2d Ed. 362–3, Sec. 275; Winsor v. Pilgrim Shoe Machinery Co., 42 R.I. 73, 105 A. 397. I conclude, therefore, that possession of the attached property in the hands of the Marshal should be surrendered to the receiver and the attaching creditor's right of priority in the funds recognized by the receiver.

 Turning to the other aspect of the problem, it would appear that there is much confusion in the decisions, apparently because of the failure of the courts to identify the type of receivership dealt with and the indiscriminate use of broad language in dealing with receiverships. A receivership may, of course, be general or specific, depending on whether all or only a part of the assets are taken over, and it may be equitable or statutory. A court of equity has inherent power in an appropriate case to appoint a receiver. This power has been enlarged in most jurisdictions by statutory provisions such as Sec. 36–1–141 of the Alaska Code, which were apparently patterned after the early New Jersey statutes, Comp.St.N.J. 1709–1910, Vol. 2, Corporations, Sec. 65. This type of legislation has wrought significant changes in the receivership law developed by courts of equity. Ordinarily the appointment of an equity receiver to preserve property is limited to three stages of litigation: 1, pendente lite; 2, pending an appeal, and 3, in aid of execution. However, by statute the remedy has been made available to a simple contract creditor in the event of corporate insolvency. In equity the appointment of a receiver is normally an ancillary equitable remedy incidental to a primary suit, e. g. a foreclosure action, but under statutory provisions, the appointment of a receiver may be an end in itself, 1 Clark 61, Sec. 51(b). See also, Pusey & Jones v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763, for a discussion of the Delaware statute in this regard. Such statutes provide, either expressly or impliedly, that distribution of the property among the creditors is the real end in view. Some provide that the court may enter a decree of dissolution, thus terminating the existence of the corporation, either before or after the distribution of assets through the receiver. But in the absence of statute, equity does not have the power to destroy that which the state has created, 2 Clark on Receivers, 2d Ed., 1033, Sec. 703. Whether such power exists under our statute is not clear, although it would appear to be implicit in Sec. 36–1–145, A.C., but in any event it is not necessary to decide that question in this proceeding.

 Another important distinction is that while under statutes the receiver is frequently entitled to possession and title is vested in him (note Sec. 36–1–144) an equity receiver is a mere custodian. 1 Clark on Receivers, 2d Ed. 19, Sec. 13.

 With these distinctions in mind, I turn to a consideration of the receiver's appointment. It appears that in the absence of statute, dissolution of a corporation abated pending actions. Pendleton v. Russell, 144 U.S. 640, 12 S.Ct. 743, 36 L.Ed. 574; The Greyhound, 2 Cir., 68 F.2d 832. This unjust consequence has been corrected by statutes such as Sec. 36–1–148. Generally the appointment of a receiver without a decree of dissolution does not abate a pending action nor prevent its culmination in judgment, 16 Fletcher Cyclopedia Corporations, Perm.Ed. 323, Sec. 7800; Reed v. Alaska Mines Corporation, 6 Alaska 370; Annotation 8 A.L.R. 441. This general rule is apparently given effect even in those jurisdictions whose statutes are similar to ours. Thus in Gray v. Taylor, 59 N.J.Eq. 621, 44 A. 668, at page 672, the Court said,

"It is settled that, unless there is something in statute or decretal order tantamount to dissolution, a

pending action against a corporation may regularly proceed, notwithstanding an adjudication of insolvency and the appointment of a receiver to wind up its affairs and distribute its assets among creditors and stockholders * * *."

Although this declaration would appear to be inconsistent with the sweeping type of injunction authorized by Sec. 36–1–141, A.C., it may be rationalized by pointing to the fact that although the officers and directors are prohibited from functioning, Sec. 36–1–141, the corporation continues to exist as a suable entity.

I conclude, therefore, that the creditor in a pending action has two alternatives: 1, to prosecute the pending action to judgment against the corporation, or, 2, to discontinue the pending action and submit his claim to the receiver. The latter would be the more expeditious course. If he resorts to the first alternative then, so far as the receivership assets are concerned, the judgment serves only to liquidate the claim and must be presented in the receivership action. It can in no way result in a preference, nor can execution issue against the receivership assets, 1 Clark on Receivers, 2d Ed. 783, Sec. 576. In the instant case, since no injunction was obtained under Sec. 36–1–141, the plaintiff may, in the absence of fraud or collusion, take a default judgment but it will serve to liquidate the claim only and will not affect receivership assets. The only effect of an injunction, had one been issued, would be to preclude the officers and directors from controlling the suit, and require that the receiver defend against the pending action.

To summarize: The receiver is entitled to the possession of the attached property, and the Grocery Supply may prosecute its action to judgment if it so elects within a reasonable time. Pending such election the decision of the motion to consolidate is deferred.