**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Lester D. BROWN, d/b/a L. D. Brown Co., Defendant.**

**Application of COGGESHALL & HICKS.**

United States District Court
S. D. New York.
Nov. 2, 1964.

Sydney D. Bierman, New York City, for receiver, John C. Lankenau.

Grandefeld & Goodman, New York City, for Coggeshall & Hicks.

TYLER, District Judge.

This is an application to vacate a former order of this court entered at the request of the court-appointed receiver of the assets of defendant Lester D. Brown and staying all actions and proceedings against said defendant. Coggeshall & Hicks, the applicant, had commenced an action in the state court against defendant Brown prior to the aforesaid stay order of this court and seeks to perfect its lien on certain assets under a warrant of attachment in the state case.

A chronology of events here and in the state court will serve to bring the present dispute into focus.

On May 5, 1964, the applicant obtained a warrant of attachment from a justice of the Supreme Court of the State of New York, New York County.

The next day the Sheriff of the City of New York, New York County Division, levied upon property of Brown in the possession of the Grace National Bank in New York City.

On May 11, 1964 an action, in connection with which the prior attachment had been made, was commenced in the Supreme Court of the State of New York, New York County, by the applicant against Brown by personal service of a summons and complaint upon Brown.

On May 20, 1964, the Grace National Bank served a statement upon the Sheriff listing the property of Brown in its custody and possession as of the date of the levy.

On May 28, 1964, the Securities and Exchange Commission commenced an action against Brown in this court.

On June 3, 1964, this court appointed John C. Lankenau, Esq. as receiver and conservator of Brown's assets.

On June 23, 1964, the receiver sought and obtained from this court an order enjoining further proceedings in existing actions against Brown and the initiation of new suits against that defendant. It is this order, of course, which applicant here seeks to modify.

Federal court interference in state court proceedings has long been a fertile source of litigation. In general, the federal courts have wisely attempted to avoid, where possible, needless friction with the proceedings of their state court brethren. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447, 537 (1939); Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967 (1941); 28 U.S.C. § 2283. This policy is designed, of course, to achieve accommodation of occasional apparent conflicts between competing judicial systems which are sovereign in their own spheres.

Frequently, where conflicts of jurisdiction between state and federal judicial systems have emerged, special consideration has been given to the *in personam* or *in rem* quality of relief sought. And although it has been held that conflicting *in personam* actions may proceed in different forums, if one action is *in rem* or *quasi in rem* in character and the other *in personam,* then a clear conflict is said to be presented. Penn General Casualty Co. v. Com. of Penn. ex rel. Schnader, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935); Ferguson v. Tabah, 288 F.2d 665 (2d Cir. 1961). In the latter situation, the rule has developed that the court which first acquires jurisdiction over the *res* shall proceed without any interference from other courts. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077 (1922).

█ In my view, the applicant has proceeded far enough in its state court action for that court to be deemed to have acquired jurisdiction over the now disputed *res* and thus be free at this stage from the total restraint of the June 23rd order. This is nonetheless so because the attachment involved was motivated more by a desire to obtain security for collection of a putative judgment than by a need to acquire jurisdiction. Nor does the fact that the levy upon the warrant of attachment has not yet been fully perfected alter this conclusion. Clearly, the warrant was obtained and the sheriff proceeded to levy thereunder long before a receiver was appointed by this court. Indeed, prior to the latter event the garnishee bank responded to the levy by giving to the sheriff a certificate listing Brown's property held in its vault. In view of these circumstances, any federal interference with the state action can only be justified by unusual and overriding considerations, which I do not find here.

In Steingut v. National City Bank of New York, 38 F.Supp. 451 (S.D.N.Y. 1941), Judge Bondy of this court denied a motion to strike portions of a pleading alleging priority of earlier state attachments in relation to a federal court appointed receiver. Although it is not clear whether levies under the state attachments had been perfected, Judge Bondy's reasoning appears apposite here:

"Under the laws of the State of New York, the attachments when levied imposed a lien upon the debt * * * [and] when a lien had been acquired on a bank deposit by a warrant of attachment, it was error to permit the credit balance to be given to the receiver of the depositor because to do so interfered with the lien."

In opposition to this application, the receiver especially urges upon me the authority of Grocery Supply Inc. v. McKinley Park Services, 128 F.Supp. 694, 15 Alaska 469, 1955. Since there the attachment was ordered and the receiver appointed by the same federal court, obviously no similar conflict between two judicial systems was presented, and thus that case is of little aid to proper resolution of this application.

█ Finally, it is significant that if this court's stay order of June 23 is modified in favor of applicant, the receiver is not without a remedy. Under Section 6221 of the New York Civil Practice Law and Rules, *"any interested person"* may commence a special proceeding against the attaching party in the appropriate state court to determine the rights of adverse claimants to the property or debt. That court may then vacate or discharge the attachment, void the levy, direct the disposition of the property or debt, direct that undertakings be provided or released or direct that damages be awarded.

Accordingly, applicant's motion to modify the June 23, 1964 order of this court so as to permit a turnover proceeding against the Grace National Bank is granted without prejudice to the receiver to pursue appropriate state court remedies in regard thereto.

Settle an order.