2 1013
45 446

## CHAMPOMIER v. WASHINGTON.

Where an appellant abandons his appeal, the surety on the appeal bond cannot exempt himself from responsibility on the ground that "the judgment appealed from has not been affirmed," as contemplated by sec. 20 of the stat. of 20 March, 1839, and arts. 575, 596 of the Code of Practice. *Per Curiam :* The condition of the appeal bond, following literally the requisition of art. 579 of the Code of Practice was, "that the appellant shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, &c." The appellant did not prosecute his appeal, and the condition of the bond was thus broken.

A certificate of the clerk of the Supreme Court that the transcript of a record has not been " brought up" within the time fixed, is equivalent to a certificate that the transcript had not been "filed" within that time, and is sufficient to authorise the issuing of an execution.

It is not sufficient to entitle an appellee to execution, to file in the clerk's office of the court of the first instance a certificate of the clerk of the Supreme Court that the record was not filed in time; the certificate must be produced before the lower court, and an order of execution obtained. C. P. 589.

The surety on an appeal bond is not bound until a *fi. fa.* has been duly issued against the principal, and returned unsatisfied.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Benjamin* and *Micou*, for the plaintiff. *I. W. Smith*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. An appeal had been taken by the defendant which, we said in the opinion just delivered *(ante* p. 722), was to be considered as abandoned. The present appeal was taken by *Goodrich*, the surety, on the appeal bond in that case, against whom, after the abandonment of the appeal and execution returned *nulla bona*, the plaintiff proceeded by rule.

The first point made by the surety is, that the plaintiff cannot proceed against him by rule, or in any form whatever, because the judgment against *Washington*, from which the appeal was taken, was not affirmed by this court. In support of this doctrine the surety relies on the literal expressions used in the act of 1839, "*if the judgment appealed from be affirmed*"; and similar expressions in the 575th and 596th articles of the Code of Practice. We cannot recognise so narrow a construction of the legislation on this subject, or of the bond executed by the surety. The condition of the bond, following literally the requisition of the 579th article of the Code, was " that the said *Washington* shall *prosecute his appeal*, and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of his estate, real or personal, if he be cast in the appeal; otherwise that the said *Goodrich*, surety, shall be liable in his place." The appellant did not prosecute his appeal, and thus, even in a literal sense, the condition of the bond was broken.

The next point urged is that, the certificate of the clerk of the Supreme Court filed in the court below, and upon which execution was obtained, is informal; that it should have certified that the transcript had not been "brought up," whereas it certifies that it had not been "filed." The objection is untenable. The expressions are equivalent, and are used as such in articles 588 and 589 of the Code of Practice.

The next point is, that it was not sufficient to file the certificate of the clerk of the Supreme Court in the clerk's office below; that the certificate should

CHAMPOMIER have been produced before the lower court, and an order of execution obtained.
WASHINGTON. We consider this objection well taken. The language of the Code is; "On the production of this certificate in the lower court it shall *award* execution on the judgment, which then becomes irrevocable." The french text is to the same effect: "Sur la représentation de ce certificat, la cour, dont est appel, rendra un ordre d'exécution du jugement par elle rendu, et ce jugement demeurera ferme et irrévocable." These expressions contemplate judicial, and not mere ministerial action, upon the clerk's certificate, and very properly; for the district judge having granted an order suspending execution, while that order stands undisturbed on his records, no execution ought to issue; and whether the certificate of the clerk of the Supreme Court, which he issues without any action of the Supreme Court, is in due form and rightfully given as to time, is a matter very properly submitted to the judge, and not left to the clerk of the court below, a mere ministerial officer.

For this reason we think the action against the surety premature. The surety is not bound until a *fieri facias* has been duly issued against the principal and returned. It issued illegally in this case, and the basis of proceeding against the surety is defective.

It is therefore decreed that the judgment of the court below against the said *Goodrich* be reversed, and that the rule taken against him be dismissed, as in case of non-suit; the plaintiff paying the costs of said rule, and of this appeal.

## SAME CASE—ON A RE-HEARING.

Where a case is decided on a point suggested for the first time in a printed argument, filed after the case had been argued and submitted, and never communicated to the opposite party, the latter will be relieved from the effects of the surprise; and where a certified copy of an order made by the court below, annexed to the application for a re-hearing, shows that the ground on which the case was decided had no existence in fact, the additional extract from the minutes will be received as if brought up on a *certiorari*, and the case be decided at once.

A RE-HEARING was granted in this case on the application of *Benjamin* and *Micou*, for the plaintiff, and the final judgment was pronounced by

ROST, J. In the second brief of the counsel for the appellant, *Goodrich*, filed a week after the case had been argued and submitted, the point was made, for the first time, that no order of execution had been obtained from the District Court, on the certificate of the clerk of the Supreme Court that the transcript of the appeal taken by the defendant in the main suit had not been filed. No such order being found in the record, we considered the objection well taken, and reversed, as premature, the judgment rendered upon the rule against *Goodrich*, as surety on the bail bond.

The plaintiff's counsel has applied for a re-hearing on the following grounds: That the case was argued on the 18th of May, and on that day a printed brief was filed by the counsel of the surety, *Goodrich*; that the point upon which the case was decided was not made, either in argument or in the first brief, and that the second brief never was communicated to him; that had this point been made at any time before the case was submitted to the court, he would have applied for a *certiorari*. He has annexed to his petition a copy of the order of execution in due form and properly certified, and prays that the

court may receive the additional extracts of the minutes as if brought up on a CHAMPOMIER *v.* WASHINGTON. *certiorari,* and decide the case accordingly.

We see no good reason for refusing this application. The filing of a new ground of defence, after the case had been argued and submitted, operated a surprise against which the plaintiff is entitled to relief; and, under the peculiar circumstances of this case, we feel authorised to extend it to him without further delay. The ground on which we were misled into a decision adverse to his claim had no existence, and the judgment should have been affirmed.

*Judgment affirmed.*