# PENDLETON *v.* RUSSELL.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 236.   Argued and submitted March 24, 1892. — Decided April 18, 1892.

Four children of S. H. P., deceased, recovered judgment in the Circuit Court of the United States for the Western District of Tennessee against a life insurance company, a corporation of New York, on a policy insuring the life of the deceased, to which judgment a writ of error was sued out, but citation issued against only one of the plaintiffs. On this the company gave a supersedeas bond, securing the sureties by pledging or mortgaging some of its property.  Proceedings were then taken in the courts of New York, under direction of the Attorney General of that State, which resulted in the dissolution of that corporation, and the appointment of a receiver of its property, who, by directions of the court, appeared in this court and prosecuted the writ of error in order to release the property pledged.    After sundry proceedings the judgment of the Circuit Court was eventually reversed, and the case was remanded to the Circuit Court.  A new trial was had there, but without summoning in the receiver, who did not appear; and judgment was again obtained against the company.  This judgment was filed in the proceedings in New York as a claim against the assets of the company in the hands of the receiver, and the claim was disallowed by the highest court of that State.  *Held*, that the appearance of the receiver in this court for the purpose of securing a reversal of the judgment below and the release of the mortgaged property gave to the Circuit Court in Tennessee no jurisdiction over the case, after the dissolution of the corporation, which could bind the property of the company in the hands of the receiver, or prevent the receiver from showing that the judgment was invalid because rendered against a corporation which had at the time no existence, and possessed no property against which the judgment could be enforced.

THE court stated the case as follows :

The facts out of which the present case arises, briefly stated, are as follows: On the 14th of July, 1870, the Knickerbocker Life Insurance Company of New York, for a stipulated annual premium of $364.60, issued a policy for the sum of ten thousand dollars on the life of Samuel H. Pendleton, payable to the claimants on his death.   By its terms, the failure to pay the annual premium on the days designated, or to pay at

maturity any note, obligation or indebtedness given for the premium, rendered the policy void. The first premium was paid. The second premium, falling due on the 14th of July, 1871, was not paid. For it the assured drew two drafts on parties in New Orleans and gave them to the agent of the company, one a sight draft, for $44.50, which was paid, the other for $325, payable three months after date, which was presented to the drawees for acceptance, and afterwards, on its maturity, for payment, but it was neither accepted nor paid.

The assured having died, an action was brought in September, 1875, by the claimants — his children — upon the policy, against the insurance company, in a state court of Tennessee, to recover the amount of the insurance. On motion of the company, the action was transferred to the Circuit Court of the United States for the Western District of Tennessee. The cause was there tried, and, in May, 1881, a judgment was recovered by the claimants for $15,175. To review the judgment a writ of error from the Supreme Court of the United States was sued out by the company, and a supersedeas bond given in the sum of twenty thousand dollars. To secure the sureties on that bond the company mortgaged certain of its property situated in Brooklyn, New York, to the amount of fifteen thousand dollars, and assigned to them a mortgage for six thousand dollars on property in Jersey City. Upon the writ of error a citation was issued, but by some oversight or inadvertence both the writ and citation were directed to and served only upon one of the four defendants in error. Whilst the cause was pending in the Supreme Court of the United States upon this writ of error, an action was brought in the Supreme Court of New York by the attorney general of the State, in the name of the people of New York, against the insurance company to dissolve the corporation and forfeit its corporate rights, privileges and franchises, and, on the 29th of December, 1882, a judgment to that effect was rendered, dissolving the company and forfeiting its corporate privileges, rights and franchises, and appointing Charles H. Russell receiver of the property of the corporation. Soon afterwards the receiver ascertained the pendency of the cause in the

Supreme Court of the United States, and also the execution of the supersedeas bond, the mortgage of the property of the insurance company in Brooklyn, and the assignment of the mortgage on property in Jersey City, by way of indemnity of the sureties for their liability upon the bond. He reported the facts to the court whose officer he was and obtained authority to employ counsel to argue the cause upon the hearing on the writ of error in the Supreme Court of the United States. Counsel was accordingly retained for that purpose, and argument was had by him in 1884, and in January, 1885, that court rendered judgment reversing the judgment of the Circuit Court and awarding a new trial. 112 U. S. 696. But, according to its customary practice, it retained the mandate until its adjournment. Whilst thus retained the claimants filed a petition for reargument, which was sent to the counsel employed by the receiver. Before the petition was disposed of, it was discovered that the writ of error and citation were issued to only one of the four parties who were plaintiffs below, and the Supreme Court, of its own motion, entered an order requiring the party to the writ of error to show cause why the decision should not, for that reason, be vacated and the writ of error dismissed. Thereupon the receiver, by petition, stating to the court his ignorance, until that time, of the proceedings in question, applied for an amendment, reciting the incumbrance upon the property and the mortgage made, and the assignment of another as indemnity to the sureties, and thereupon the court made an order amending the writ of error and citation so as to include the names of the other three claimants, but not otherwise changing the record as to parties, upon condition that the other claimants have their day in court by the allowance of a reargument. This condition was accepted by counsel on both sides, and the case was reargued, after which the judgment was again reversed and a new trial ordered, and a mandate was issued pursuant to the original decision. 115 U. S. 339.

With the exception of securing counsel for the argument in the Supreme Court, the receiver took no part in the conduct of the defence in this cause, or in any subsequent proceedings,

beyond directing that the mandate of the Supreme Court, issued upon its judgment of reversal, be sent to the lower court. He did not exercise any other control over the action than as mentioned. The mandate was filed with the clerk of the Circuit Court for the Western District of Tennessee in December, 1885, and in pursuance of it the former judgment was set aside, and thereupon the case was entered on the calendar for a new trial. The receiver was not substituted as a party to the action nor was he served with any process whatever, and on January 25, 1886, the claimants took judgment by default against the insurance company for the sum of $17,560.12. They then filed a certified copy of the judgment with the receiver, basing a claim upon it, for its amount, to share to that extent in the funds of the dissolved corporation in the custody of the receiver. The claim was rejected by the receiver, but, by the direction of the court, was sent to a referee to determine its validity; and he reported, substantially, the facts stated above, upon which he found that the judgment was without jurisdiction, so far as the assets under the control of the court were concerned; that it had no binding force except as against property discoverable in Tennessee; that the claim presented was not a legal charge and was not entitled to a distributive share of the assets of the company. The report of the referee was confirmed by the Supreme Court at special term, but its order to that effect was reversed by the general term of the Supreme Court, and an order made that the receiver allow the claim as valid against the assets of the company and pay the same in due course of administration of his trust. From that order the receiver appealed to the Court of Appeals of the State, and that court reversed the order of the Supreme Court at general term and confirmed the order of the Supreme Court at special term. 106 N. Y. 619. Its judgment having been remanded to the Supreme Court of the State, it was there entered, and from this judgment, thus entered, the cause is brought to this court on writ of error.

*Mr. A. Walker Otis* for plaintiffs in error.

*Mr. J. A. Dennison* for defendant in error submitted on his brief.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

The only question presented for our determination is whether the judgment of the Circuit Court of the United States for the Western District of Tennessee, rendered on the 25th of January, 1886, was valid as a claim against the estate of the dissolved insurance corporation in the hands of its receiver, to be allowed in the distribution of its assets. The Court of Appeals, in affirming the order of the Supreme Court of New York at special term, disallowing the claim, held that the judgment was invalid, and placed its decision on the ground that the United States Circuit Court had not, at the time, jurisdiction of the defendant. The error alleged is that the court, in this ruling, failed to give that faith and credit to the judgment of the Circuit Court of the United States to which it was entitled. It is well settled that the judgments and decrees of a Circuit Court of the United States are to be accorded in the State courts the same effect as would be accorded to the judgments and decrees of a state tribunal of equal authority. It is within the jurisdiction of this court to consider and determine that question, that is, whether such effect was given in any particular case, whenever properly presented. But in determining that question this court must, in the first instance, consider whether the Federal court had jurisdiction to render the judgment or decree to which, it is contended, due effect was not given, for, as a matter of course, the jurisdiction of every court is open to inquiry when its judgments and decrees are produced in the court of a State, and it is there sought to give them effect.

Looking at the judgment of the Circuit Court of the United States, we are satisfied that the ruling of the Court of Appeals was correct. That judgment purports to be against the insurance company, but that company, at the time, had no legal

existence. It had been dissolved and its franchises, rights and privileges declared forfeited by a decree of the Supreme Court of New York, in a proceeding brought by the attorney general of the State, in the name of the people, and a receiver appointed of the effects of the corporation. The judgment was therefore no more valid against a non-existing corporation than it would have been if rendered for a like amount against a dead man. The receiver was not substituted in the place of the dissolved corporation; no process or citation was issued by that court to bring him before it, nor any proceeding taken for that purpose. Nor would such a proceeding have had any effect, for, the corporation having expired, the suit itself had abated. It ceased to be a pending suit; and if it were otherwise, the receiver could not take charge of any proceeding in a foreign jurisdiction by commencing an action, or defending an existing action, without the express authority of the court, whose officer he was, so as to bind any property or effects in his hands as receiver. *Booth* v. *Clark,* 17 How. 322; *Reynolds* v. *Stockton,* 140 U. S. 254.

The only measures he took, by the authority of that court, were to employ counsel to argue a pending case in the Supreme Court of the United States, brought there to review a judgment rendered in the Circuit Court of the United States for the Western District of Tennessee against the corporation. When appointed receiver he found that case pending in the Supreme Court upon writ of error to review that judgment against the corporation, and also that the company had mortgaged a portion of its property and assigned a mortgage which it held of other property, together amounting to twenty one thousand dollars, to indemnify the sureties on a supersedeas bond given on suing out the writ of error. The judgment of reversal was rendered, not upon any substitution of the receiver, but upon the record as it stood in that court. By the reversal the incumbrances upon the property of the corporation were removed. The *remittitur* being sent to the court below, the judgment against the corporation was set aside as it stood on the records of that court. The case was then in the position of an ordinary action against a defunct

corporation, and the connection of the receiver with it there ended. He did not make himself a party to the record from the fact that he may have sent the *remittitur* from the Supreme Court of the United States to the Circuit Court and had it filed there. He could not have become a party, or in any way have bound the corporation in the foreign jurisdiction, without the express authority of the court which appointed him. Nor did his employment of counsel, by such authority, to argue the case in the Supreme Court of the United States, operate to make him a party, or substitute him in the case as a representative of the corporation. The counsel was permitted to appear in that court because of the incumbrances upon property in its hands created by the mortgages given by the insurance company before its dissolution as security to the sureties on the bond. His relation to the property in his hands, in trust for the creditors of the corporation, rendered it his duty to call the fact of such incumbrances to the attention of the court and ask permission to employ counsel to argue the case, and thus, if possible, to free the property from the charges; but when that was accomplished, and the *remittitur* was sent to the court below, his connection with the case ended. What was done here is no more than what is frequently allowed to persons who, as trustees, may be affected in discharging their duties by a decision of questions involved in cases to which they are not parties. He was allowed to present, through counsel, objections to the judgment under consideration. Had the original judgment of the Circuit Court of the United States been affirmed, instead of being reversed, it having been rendered when the insurance company was in existence, it would have stood as a valid claim against the assets of that company after its dissolution. He did not, in any respect, bind himself as receiver, or bind the assets in his hands, because, after the judgment was set aside in subsequent proceedings, the claimants recovered another judgment. He was not bound by the second judgment, nor precluded from showing it was invalid because rendered against a corporation which had, at the time, no existence, or capacity to be sued, and did not

possess any property against which the judgment could be enforced.

In the condition in which the case in the Circuit Court of the United States was left after the reversal of its judgment, it had no jurisdiction to proceed with the action beyond entering the order under the mandate of this court. The subsequent trial and judgment were but proceedings against a corporation which had no existence, and vitality could not be given by them to the artificial body which had become extinct.　　　　　　　　　　　*Judgment affirmed.*