No. 11,189.

RUSS & HOLLINGSWORTH VS. THEIR CREDITORS.

An appeal bond that is *alone* conditioned that appellant shall pay and satisfy such judgment as may be rendered against them is not sufficient. It must contain the additional condition, either in terms or substance, that the appellants shall prosecute their appeal.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson, J.*

*Scarborough & Carver* for Plaintiffs and Appellees:

ON MOTION TO DISMISS.

1. An appeal bond which does not bind the appellant to prosecute the appeal is void for want of compliance with the law. C. P. 579; Rawle vs. Feltus, 33 An 422; Caldwell vs. Ballow, 7 S. W. Rep. 677; Succession Calhoun, 35 An. 363.
2. The court will not depart from the letter of the law, when it is plain, under pretext of pursuing its spirit. C. C. 13.
3. Article 579, C. P., says: the appeal bond must be conditioned that the appellant shall prosecute the appeal. This language is not only plain but mandatory.

ON MERITS.

1. A charge of fraud against an insolvent debtor, while not, strictly speaking, a criminal case, is *quasi*-criminal. The penalty is so severe that the court will not convict and punish without the verdict of a jury. 7 An. 258.
2. The law favors cessions of property by insolvent debtors. Insolvent laws are humane statutes adopted by all-enlightened governments and based on considerations of the soundest public policy. It is not to the interest of the commonwealth to force its citizens to struggle through life under a hopeless burden of debt when they desire to give up their present effects and start anew Hence these laws are construed liberally in favor of the insolvents. 95 U. S. 704; 99 U. S. 1; 111 U. S. 676; 129 U. S. 65; 2 An. 1023; 14 An. 516; 40 An. 655.
3. The word fraud, as used in the insolvent laws, does not mean mere legal or constructive fraud, but actual fraud, involving moral turpitude, as embezzlement. Same authorities also.
4. Two things are necessary to constitute fraud, viz., the actual injury to creditors, and the corrupt and criminal intent on the part of the debtor. Same authorities; also 16 La. 351; 18 La. 383; 44 An. 19.
5. Unintentional or involuntary fraud is a solecism. Corrupt intent is the very essence and soul of fraud. Same authorities.
6. R. S. 1802 *et seq.* provide for two classes of frauds, viz., frauds *per se*, and presumptive frauds. 40 An. 96.
7. The acts charged in this case which would be frauds *per se*, if committed, are not sustained by a particle of evidence, but on the contrary are shown by overwhelming evidence to be utterly false and unfounded.
8. Those which would imply fraud, if unexplained, are also for the most part utterly unfounded. All of them are fully, fairly and squarely refuted.
9. An opposition to the surrender and discharge is not the proper place for creditors to litigate their claims *inter sese*. It can only be done *in concurso* over a tableau of distribution. 40 An. 654, and authorities there cited.
10. As no judgment was asked against S. E. Russ, Sr., which could have been rendered in this form of action, he was properly dismissed from the suit on his exceptions.
11. The wife is a preferred creditor, and neither actual insolvency nor injury to the rights of other creditors is a bar to a *bona fide* transfer from the husband in satisfaction of her claims. 34 An. 995; 33 An. 536; 30 An. 745.

---

*Omer Villeré, Chaplin, Brazeale & Chaplin* and *Cunningham & Tucker* for Opponents and Appellants:

Russ & Hollingsworth vs. Creditors.

### ON MOTION TO DISMISS.

The right of appeal is constitutional, and the law should be construed liberally in favor of the appellant. 33 An. 345; 1 An. 414; 11 L. 382.

The law prescribes no particular form for an appeal bond; it only requires that it should contain in substance certain conditions. 1 An. 122; C. P. 579.

An appeal will be dismissed only where the appellee shows himself clearly entitled to that relief. In cases of doubt the interpretation will be liberal in favor of the appellant. 1 An. 414.

Inaccuracies and omissions in an order or bond of appeal will not invalidate the apppeal, if, when construed by the law with reference to which they are given, its requirements are substantially met, expressly or by implication. 40 An. 277; 29 An. 526; 38 An. 271, 1461;    An. 963; 30 An. 801.

When it is apparent that an appellee can recover from a surety on an appeal bond the amount of the judgment appealed from, if affirmed, the appeal will not be dismissed owing to alleged deficiencies in the bond. 35 An. 348.

It is only when the bond expressly limits the liability of the surety below that fixed by law that the appeal will be dismissed. 33 An. 421; 28 An. 80.

### ON THE MERITS.

A debtor can not be discharged from his debts by making a surrender of his property, on the vote of a majority in number and amount of his creditors, unless he surrenders all of his property not exempt, in good faith, and without fraud. R. S., Sec. 1784; C. C. 2174 (2170).

A debtor is guilty of fraud who conceals any part of his property or transfers it to another place to keep it from his creditors. R. S., Sec. 1802.

A debtor who shall, within three months next preceding his failure, have sold, engaged or mortgaged any of his goods and effects, or otherwise disposed of same, in order to give an unjust preference, shall be debarred from the benefit of the insolvent laws. R. S., Sec. 1808.

Such debtor shall be considered guilty of fraud, if he has given, within the year preceding the surrender, an unjust advantage or preference to any one or more of his creditors, by payment or otherwise, or has, within the year, made a conveyance, transfer, mortgage or pledge of any part of his property, to the prejudice of any complaining creditor, R. S., Sec. 1804.

A debtor giving such unjust preference or advantage to a *bona fide* creditor shall be deprived of the benefit of the insolvent laws, but need not necessarily be imprisoned. R. S., Sec. 1807. And such debtor will not be imprisoned when the complaining creditors do not ask for his imprisonment, which remedy they can waive. 11 An.'69.

Any agreement to buy the vote of a creditor by assuring the payment of his debt is fraudulent, a perversion of the course of justice, and a fraud upon the court. 18 An. 241.

An agreement or arrangement by which the debtor personally or through another is to get back a part of his property is fraudulent, and vitiates the surrender

---

### ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

WATKINS, J.   Plaintiffs and appellees move to dismiss this appeal, on the ground that the appeal bond is wanting in an essential requi-

site, it not containing the required stipulation of the Code of Practice, that appellants shall prosecute their appeal.

The opponents obtained appeals, suspensive and devolutive, and executed an appeal bond for $1000, the condition of which is that "if the said Harris, Day & Co., and others, opponents in said writ, shall pay and satisfy such judgment as may be rendered against them on appeal in this case, then this obligation to be null and void," etc.; whereas the requirements of the Code of Practice are that "in the appeal bond it *must* be set forth in substance that it is given as surety that the *appellant shall* prosecute his appeal, *and* that he shall satisfy whatever judgment may be rendered against him * * * if he be cast in his appeal otherwise," etc. C. P. 579.

The defect appellees assign as necessarily fatal is that the bond omits the requirement that "the appellant shall prosecute his appeal."

Appellee's counsel insist that the requirement is not only plain, but mandatory, and failure on the part of appellants to comply therewith must necessarily result in the dismissal of their appeal.

The argument made in favor of this theory is, that if such a bond will suffice, the winning creditor in the lower court has no protection. For the party cast may apply for a suspensive appeal, and file such an appeal bond as the one furnished in this case, and thereby incur no risk or responsibility in abandoning his appeal, and refusing to prosecute same on the return day. If the sureties were ruled to show cause why judgment should not be entered up against them on the bond they could surely answer that, as the appeal was not prosecuted by the parties cast, and their *only* obligation being "to pay and satisfy *such judgment as may be rendered against them on appeal in this case*," they were under no duty or obligation toward the appellees, because no judgment had been or could have been rendered against the appellants by the appellate court; and they had not obliged themselves to pay anything else, or to pay otherwise.

There can be no question of such an answer being good, for the extent of the sureties' obligations is that they are to "pay and satisfy such judgment as may be rendered against them on appeal in this case;" and none has been rendered.

Had the bond contained the missing provision, the liability of the sureties would have attached by reason of appellants' failure to prosecute their appeal.

In Rawle vs. Feltus, 33 An. 421, this court sustained a similar motion, and dismissed an appeal on the ground that such a bond "is fatally defective for want of compliance with the legal requirements prescribed by Articles 578 and 579, C. P. * * * *It must be given as surety that the appeal will be prosecuted.*" (Our italics.)

Under quite a similar state of facts this court considered and maintained a motion to dismiss, in the Succession of Calhoun, 35 An. 363.

In Champonier vs. Washington, 2 An. 1013, the converse of this proposition is announced—the sureties on an appeal bond being held liable, because it contained the stipulation that the appellants should prosecute the appeal, and the proof showed that they abandoned t.

To the same effect is Moore, Janney & Hyams vs. Lalaurie, 27 An. 645.

It must be observed that the bond not only does not contain the requirement that the appellant shall prosecute his appeal, *in terms*, but there is no such stipulation *in substance*. No words of similar import, of any kind or character, are employed. This is not a mere inaccuracy or inartificiality in the confection of the bond; for the code contains two separate and distinct requirements: (1) That the appellant shall prosecute his appeal, (2) *and* that he shall satisfy whatever judgment, etc.

They are united together by the copulative conjunction "and," and the former is entirely omitted from the bond.

In our opinion, this question is fairly met and decided in the Calhoun case, in the subjoined extract therefrom, viz.:

"However much it may be claimed that judicial bonds are to be construed with reference to the law under which they are given, and that any clause which is superadded must be rejected, and any that is omitted supplied, it surely can not be insisted that when the surety on a judicial bond has bound himself in a particular contingency *only*, he can be held liable in other contingencies." 35 An. 363.

After making a careful examination of all the cases cited in appellants' brief, we have found no case which maintains an appeal bond lacking the legal requisite the one under consideration does.

In Caldwell vs. Ballow, 7 Southwestern Rep. 677, we find quite an appropriate and instructive opinion of the Texas court—a court from which we are at all times pleased to quote—in which the self-

same question arose, and a motion to dismiss was sustained, under like circumstances as those existing in this case.

"This is a motion," says that court, "to dismiss a writ of error on the ground that the bond is not conditioned as required by statute. The condition of the bond is that the obligors 'shall comply with the judgment, order or decree of the Supreme Court upon such writ,' etc. * * * The bond was evidently intended as a *supersedeas* bond, which the statute requires to be 'conditioned that such appellant * * *shall prosecute* his appeal,' etc. * * One of the conditions of the bond required by the statute is *entirely omitted*. The statute is plain, a compliance with its terms easy, and we are not to presume that it was the intention of the Legislature that any of its terms or conditions should be dispensed with. If such a bond does not *literally comply* with the statute, it must fully and clearly *embrace all the conditions presented by it*. This the bond before us does not, and the writ of error must be dismissed."

We are in perfect accord with that opinion and the views therein expressed are particularly applicable to this case.

The appeal bond in this case is radically defective and the motion must prevail.

Appeal dismissed.