*1080 On Motion to Dismiss Appeal.
The opinion of the court was delivered by
Watkins, J.
The grounds of the motion are, that no legal and sufficient appeal bond was furnished by the appellant in that the conditions of the one furnished are such as would defeat recovery against the person signing as surety.
The conditions of the bond “ are such, that if the said above bounden shall prosecute this appeal with effect, or shall pay or cause same to be paid or satisfied any judgment that may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate real or personal, if he be cast in his appeal, otherwise that the surety be liable in his place, in said Supreme Court, then this obligation to be null and void, otherwise to remain in full force and virtue in law.”
Comparing the foregoing phraseology with that of C. P. 579, we find the bond contains all the essential requirements of that article— the words “ in said Supreme Court” having been added ex industria.
The addition of those words do not in any manner affect or impair the binding force and efficacy of the conditions of the bond.
It was held in LeBlanc vs. Succession of Massieu, 27 An 324, that unauthorized stipulations in an appeal bond will not vitiate it; and in Cooper vs. Rhodes, 30 An. 533, if was held that the surety’s liability is measured by the judgment rendered on appeal, and not by that rendered in the court below.
And that is the purport of the opinion expressed by the court in Diamond vs. Petit, 3 An. 37, and in Holmes vs. Steamer Belle Air, 5 An. 523.
It is a familiar rule, one that has been adhered to, customarily, by this court, that judicial bonds must be construed with reference to the law under which they are made; and any clause which is super-added must be rejected, and that which is omitted must be supplied.
To that effect are the following cases, viz.: Guion vs. Succession of Guin, 19 An. 81; Mason vs. Fuller, 12 An. 69; Bryne vs. Riddle, 4 An. 3; Short vs. Trustees, 11 An. 174; LeBlanc vs. Succession of Massieu, 27 An. 326.
The addition of the phrase complained of is not contrary to, but in keeping with the liability of the surety.
The motion is denied.