145 So. 1

## ARMSTRONG et al. v. LOUISIANA ICE & UTILITIES, Inc.

### No. 31266.

Nov. 28, 1932.

Julius B. Nachman, of Alexandria, for plaintiffs.

Overton, Dawkins & McSween, of Alexandria, for receivers.

BRUNOT, J.

The plaintiff obtained a judgment against the defendant. Trans. p. 27. Defendant perfected a suspensive appeal from the judgment. Trans. p. 28. Plaintiff answered the appeal and prays for an amendment of the judgment by increasing the amount thereof. Pending a hearing of the appeal, the St. Louis Union Trust Company, a Missouri corporation, applied for and obtained a decree from the United States District Court, Western District of Louisiana, placing the defendant and its subsidiaries in the hands of receivers, and appointing Frank C. Landers, of Alexandria, La., and A. P. Barrett, of Fort Worth, Tex., coreceivers. The coreceivers were duly qualified and are now acting in that capacity. They did not apply to this court to be made parties to this suit, as appellants, and appellee, under the provisions of section 4 of rule XIV of the court, 171 La. p. XIV, obtained an order of the court directing them to show cause within twenty-five days from the service of the order why Frank C. Landers, receiver, residing in Louisiana, should not appear and become a party to the suit, as prayed for by the appellee.

The coreceivers responded to the said order, and they attach to their return the decree of the court appointing them receivers. In paragraph 11 of that decree, the respondents are "enjoined and restrained from instituting or prosecuting, or continuing the prosecution, of any action at law or proceeding in equity without first obtaining the permission of the court appointing said receivers." The respondents also direct our attention to the fact that the rules of this court are not applicable to a receivership. The section of rule XIV which the appellee relies upon is as follows:

"Section 4. Sections 1, 2 and 3 of this rule shall apply also to a corporation whose charter has expired by limitation, forfeiture, or otherwise, during the pendency of an appeal to which such corporation was a party."

The section of the rule appellee relies upon applies only to corporations whose charters have expired, and it is not averred that the charter of the Louisiana Ice & Utilities, Inc., has expired. On the contrary, respondents, in their brief, say:

"The corporate existence and life of Louisiana Ice & Utilities, Inc., has not been changed or affected by the appointment of equity receivers to take charge of its affairs."

Appellee answered the appeal on March 3, 1932, and the judgment appointing receivers for the appellant corporation was rendered on June 13, 1932.

It is our opinion that the receivers of the appellant corporation are not necessary parties to this appeal; that the issues presented by the appeal are between the appellant corporation and the appellee, and they must be adjudged, by this court, on the merits of the case, irrespective of the wishes or attitude of the receivers. Upon the authorities to which counsel for respondents have directed our attention, viz., 53 C. J. 330, 349; Clark on Receivers, vol. 1 (2d Ed.) p. 840; 23 R. C. L. 49; Tracy on Receiverships & Corporate Foreclosures, p. 164; Wilder v. City of New Orleans (C. C. A.) 87 F. 843; Mercantile Trust Co. v. Pittsburgh & W. R. Co. (C. C.) 29 F. 732; Flynn v. Furth, 25 Wash. 105, 64 P. 904; Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480; Emory v. Faith, 113 Md. 253, 77 A. 386, Ann. Cas. 1912A, 586; Pine Lake Iron Co. v. La Fayette Car Works (C. C.) 53 F. 853, it is optional with the receivers as to whether or not they obtain permission from the federal court to make themselves parties to this suit and to prosecute this appeal. We are of the opinion, however, that their failure to do so cannot hold in abeyance the right of the appellee to have her claim against the defendant finally adjudged; and, if she be successful in having the judgment appealed from affirmed or amended and affirmed, we do not think the nonaction of the receivers can stay such proceedings as she may lawfully invoke as a judgment creditor of the receivership or, as a successful litigant, against the surety on the appeal bond of the appellant.

Since the submission of this matter, appellee's counsel has addressed to the clerk of this court a document in which it is stated that proceedings have been filed in the federal court which may ultimately result in the appellant being declared a bankrupt, and, for that reason, this court should withhold further action in this case until that matter is determined.

We are presently concerned only with what the record before us presents for our consideration and the final disposal of a submitted case.

For the reasons stated, the order of this court directing the receivers of Louisiana Ice & Utilities, Inc., to show cause, within twenty-five days from the service of the order upon them, why they should not be made parties appellant in this case, is recalled and set aside, at the plaintiff's cost.

OVERTON, J., takes no part.