## LEVY v. UNION INDEMNITY CO.*
### No. 14441.

Court of Appeal of Louisiana. Orleans.
Feb. 27, 1933.

Porteous, Johnson & Humphrey, of New Orleans, for mover.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, and Harry Nowalsky, all of New Orleans, for defendant.

JANVIER, Judge.

Plaintiff brought this action directly against Union Indemnity Company. He alleged that said company, domiciled in Louisiana, in the course of its business issued a policy of workmen's compensation insurance to Bohn Motor Company, Inc., by which latter corporation he alleged that he was employed when he was injured in an accident arising out of and occurring during the course of his employment.

He asserted his right to proceed directly against the said insurer under the provisions of Act No. 55 of 1930 and, after due proceedings, obtained judgment against said insurer, Union Indemnity Company.

From this judgment that company appealed suspensively to this court, furnishing an appeal bond on which the Independence Indemnity Company was and is surety.

The transcript of appeal was duly lodged, but before the matter could be reached on our docket, defendant appellant, Union Indemnity Company, was placed in receivership on the petition of the secretary of state of Louisiana and, thereafter, when the matter was called for hearing by us, the surety on the suspensive appeal bond, to wit, Independence Indemnity Company, by written motion, suggested that the case should be indefinitely continued because of the appointment of the receivers; it being contended that the said appointment totally terminated the existence of Union Indemnity Company and made it impossible that litigation against the erstwhile company could continue.

Attached to said motion for an indefinite continuance we find a verified copy of a petition filed by the receivers of Union Indemnity Company in the receivership proceedings, and a verified copy of an order rendered on that petition. In the petition appears the following:

"Petitioners have been advised that the legal effect of the receivership was to dissolve defendant company and terminate its corporate existence, but petitioners aver that this

*Rehearing denied March 27, 1933.

legal interpretation should be confirmed by order of this honorable court."

In the judgment rendered on the said petition, we find the following:

"It is hereby recognized and declared that defendant, Union Indemnity Company, was dissolved by the proceedings had and the decree of this court," etc.

The order above quoted is, in fact, merely a judicial recognition of a status which already existed, for it is well settled that where, by authority of such a statute as Act No. 105 of 1898, receivers are appointed for an insurance company, the formerly existing corporation is,. by the very appointment of receivers, entirely dissolved, and its life is terminated.

In this regard there is a vast difference between a statutory receivership and an equitable one, in the latter of which the corporation itself continues to exist. In such case appointment of receivers merely deprives the corporation of the right to manage its own affairs, and places in the possession of the receivers the assets of the corporation. But the corporation itself retains its corporate functions, and a suit pending against the corporation may be prosecuted to final judgment, although, of course, execution may not issue against the receivers, and a judgment obtained against the corporation must be presented to the receivers for such action as the court having jurisdiction over the receivership proceedings may determine to be proper. On the other hand, a statutory receivership, such as is contemplated by the statute of 1898, terminates the corporate existence entirely. The distinction between the two kinds of receivership to which we have referred is clearly set forth in Clark on Receivers (2d Ed.) vol. 2, § 703.

In Pendleton v. Russell, 144 U. S. 640, 12 S. Ct. 743, 745, 36 L. Ed. 574, is found a case in which, during the pendency on appeal of a suit against a life insurance company, that company was placed in the hands of a receiver appointed under a statute in many respects similar to the Louisiana statute of 1898. The Supreme Court of the United States, after stating that no proceeding had been instituted to make the receiver a party to the litigation which was pending at the time of his appointment, said:

"Nor would such a proceeding have any effect, for, the corporation having expired, the suit itself had abated."

That the Louisiana statute referred to puts an end to corporate existence was held in Michel v. Southern Insurance Co., 128 La. 562, 54 So. 1010, 1011, Ann. Cas. 1912C, 810, in which the Supreme Court of Louisiana, referring to a judgment appointing a receiver under that statute, said:

"The judgment in question was an adjudi-cation in bankruptcy, and operated a dissolution of the corporation."'

In Pendleton v. Russell, supra, the receiver, through his counsel, was permitted to appear in the appellate court in the suit which was pending on appeal at the time of his appointment, and to attempt to secure a reversal of the judgment, which, in the lower court, had been rendered against the formerly existing insurance company; but the receiver could not have been forced to become a party to that litigation, and his intervention therein was at his own request, and was permitted because the insurance company, when it had perfected its appeal, in order to furnish indemnity to the surety company which executed the appeal bond, had pledged certain corporate assets. The receiver was thus permitted to appear in the then pending suit not because he was taking the place of the former defendant, but solely because, in the event of the reversal of the judgment, there would be released to him, as receiver, those assets, and he was thus interested in defeating the action not as a party thereto, but as the party to whom the pledged assets must be turned over if released from the pledge. Of course the receivers here, if they could show that the estate being administered by them would be benefited by the defeat of the pending action, might be permitted, by order of the court which appointed them, to appear in opposition to plaintiff's claim. But not only have they not done so, but it is evident, from the statements made in the motion to dismiss and from the argument of counsel for mover, that they will not do so. As was said in Armstrong v. Louisiana Ice & Utilities, 175 La. 1041, 145 So. 1, 2:

"* * * It is optional with the receivers as to whether or not they obtain permission from the * * * court to make themselves parties * * * and to prosecute this appeal."

We feel, as did the Supreme Court, when, in the Armstrong Case, it said:

"We do not think the nonaction of the receivers can stay such proceedings," etc.

It clearly appears, from the decision in Pendleton v. Russell, supra, that, had the former insurance corporation not pledged assets to its surety, the receiver would have had no interest whatever in that litigation, and would not have become a party thereto. Here the Union Indemnity Company has been cast in the trial court and, after perfecting its appeal, in which the Independence Indemnity Company is surety on the appeal bond, has ceased to exist. It is, as we find it described in the brief of Independence Indemnity Company, "a fiction of the imagination." To use further words which we find in that brief, it was dissolved "on January 6, 1933, by order of court, it is dead, it is no longer a legal en-

tity, its charter has been forfeited, a dead corporation."

■■ Thus far we are in accord with the views expressed by counsel for mover. But we do not agree with him when he argues that, because there is no longer a party appellant before us, we should indefinitely continue the matter.

We do not feel that a continuance would serve the ends of justice. If, in the future, proper parties appellant could be made, then we would agree that the matter should not be heard until after those at interest had been given reasonable opportunity to obtain the necessary order to make parties and to act in accordance with such order. But, as we have already shown, no party can be substituted for the defunct and dissolved appellant. The receivers quite apparently have no intention of taking part in the litigation, and an indefinite postponement would be tantamount to a permanent denial to plaintiff-appellee of his right to proceed against the surety on the appeal bond.

When the surety executed the appeal bond given in accordance with article 579 of the Code of Practice, it assumed conditional liability, contingent upon the failure of the principal to comply with either of two obligations: (1) To prosecute the appeal; (2) to pay such final judgment as might be rendered.

The first obligation has not been and cannot be complied with, because, as mover admits, the appeal cannot be prosecuted since appellant no longer exists. If, then, the appeal cannot be prosecuted, mover, as surety on the appeal bond, is liable. In Champomier v. Washington, 2 La. Ann. 1013, is found a case in which a surety on an appeal bond, after the principal had abandoned the appeal, attempted to prosecute the appeal. The Supreme Court said:

"The condition of the bond, following literally the requisition of the 579th article of the Code, was: 'That the said Washington shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of his estate, real or personal, if he be cast in the appeal; otherwise that the said Goodrich, surety, shall be liable in his place.' The appellant did not prosecute his appeal, and thus, even in a literal sense, the condition of the bond was broken."

See, also, Derouen v. F. Jules Hebert et al., 49 La. Ann. 1079, 22 So. 201; Russ & Hollingsworth v. Their Creditors, 45 La. Ann. 442, 12 So. 627.

True enough, it is through no fault of Independence Indemnity Company that the appeal cannot be prosecuted, but plaintiff, obligee in the bond, is in no way interested in the reason which prevents the former appellant from proceeding. He, plaintiff, is the owner of a judgment under which, but for the bond signed by mover, he could, at that time, have recovered.

One thing is quite apparent; an indefinite continuance would be a denial of justice.

Since we cannot, by indefinite postponement, allow the matter to retain its present status, we must either permit it to be heard and render a final decree ourselves, or dismiss the appeal and allow the judgment rendered below to stand. We cannot follow the former course, because there is no party appellant before us now, and there can be none in the future. We will, therefore, adopt the latter alternative and dismiss the appeal.

The appeal is dismissed.

Appeal dismissed.