## RASBERRY v. SOUTHERN ADVANCE BAG & PAPER CO. et al.

### No. 4567.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

Elder & Elder, of Ruston, for appellant.

H. W. Ayres, of Jonesboro, for appellee.

TALIAFERRO, Judge.

Plaintiff was injured while performing services arising out of and incidental to his employment by defendant, Southern Advance Bag & Paper Company, in the course of the employer's business. He sues for compensation of $8.89 per week, being 65 per cent. of his weekly wages, for 400 weeks, less a credit of $50.22, alleging permanent total disability to perform labor or work of any reasonable character. He declares in his petition that he was injured when and while lifting a roll of paper, weighing not less than 300 pounds, into position to be made into bags, and at that time, and while under the strain of the moment, he felt the ligaments, muscles, etc., tear loose in the lower part of his back and hips, immediately followed by a sharp and severe pain, and also felt a giving way in the bones, muscles, ligaments, etc., in that region of his body; that resulting from the strain at, and the lifting of, said roll of paper, the joints of his spinal column in that area, his hip joints and the sacroiliac joints, as well as the nerves, muscles, ligaments, cartilages, etc., in his back and hips were torn, strained, fractured, and dislocated, and seriously and permanently injured and impaired; and continuously since said injury he has suffered intense pain therefrom.

The Union Indemnity Company was made defendant because it had issued to the employer a policy of insurance wherein it agreed to protect and indemnify the insured against all claims for injuries to employees, such as herein sued for.

Defendant's answer is a general denial of liability to plaintiff, coupled with the allegation that he never suffered the serious injury claimed by him, and that for such injury as he did experience he has been adequately compensated; and, finally, that he has fully recovered from such injury as he did receive while in defendant's employ.

Plaintiff prevailed in the lower court, and was given judgment for the compensation sued for not exceeding 400 weeks. Defendant Southern Advance Bag & Paper Company appealed. There is no appearance in this court by or on behalf of the Union Indemnity Company, which, after this suit was filed, was dissolved and its affairs placed in hands of receivers. Levy v. Union Indemnity Co. (La. App.) 146 So. 182.

The evidence adduced by both sides makes it certain that if plaintiff sustained the serious injury of which he complains, such injury only involves and affects the sacroiliac joints and the muscles, etc., of that region of his anatomy.

In keeping with an almost invariable rule in cases of this character, there is marked difference in opinion of the experts who testified; the radiologists and physicians.

The facts of the accident causing the injury of which plaintiff complains may be best understood from his own testimony: "Well, between three forty and four o'clock we were running a short order for eleven pound squares and I was changing rolls; I took off a roll that was just about run out, the balance was wet and I had to change it, and I picked up one end of another roll and put it up and went around to the other end and throwed my foot over a small roll of paper and stuck my foot in some paste and slipped and fell and a girl came along and I went out and set down and she picked the roll up and put it up there herself."

This version of the matter is corroborated by the testimony of another witness who was present and saw him fall. This version is also in keeping with the history given by plaintiff to some of the doctors who examined or X-rayed him. It is at variance to some extent with the allegations of his petition, but the testimony was not objected to and is properly before us as the pleadings were enlarged thereby.

The day following the accident plaintiff consulted Dr. McBride, defendant's company physician, and was treated by this doctor for rupture for about four weeks, and, no beneficial results being observable, the patient suffering pain all the while, he was sent to Dr. Bendel, in Monroe, La., for attention. Dr. Bendel advised the use of a sacroiliac belt to draw the muscles and ligaments about this joint together while healing. This belt was regularly worn thereafter, but the pain and physical impairment were not appreciably reduced. When in bed at night, plaintiff says, and there is corroboration of this in the record, that the pain goes up and down his back, drawing; the right side of the small of his back throbs, and has a pulling sensation. When he walks, he says, "it seems like something sticking in me all the time," and these ailments interfere with the free movements of the body. Practically all the doctors who testified in the case agree that these symptoms, pains, and evidence of physical upset, are characteristic of, and naturally may be expected, when the sacroiliac joints have been strained or dislocated to any appreciable extent. It is also conceded by all the doctors who were interrogated on the subject, that any strain or injury to the sacroiliac is a serious injury, and it is not possible for any one to foretell, with any degree of certainty,

when such an injury will heal to the extent that its effects do not impair the ability of the injured person to perform hard labor.

No good purpose could be subserved by us undertaking an analysis of the medical expert testimony in the case. Sufficeth to say, that the decided preponderance of this testimony supports plaintiff's contention that one or both of the sacroiliac joints, or the ligaments and muscles attached thereto, was seriously strained or dislocated when he fell, and that his impaired condition, resulting therefrom, will continue indefinitely. A significant fact appearing in the case is that, while Dr. McBride, the defendant's own physician, treated plaintiff for four weeks immediately after he was hurt, and advised that other physicians be consulted, yet he was not called on to give evidence in the case. The inference to be drawn from this fact is not helpful of defendant's contention, that plaintiff was not seriously injured, and that he has recovered from such injuries as he did receive. We are informed by plaintiff's brief that Dr. McBride was summoned as a witness for defendants and appeared in court pursuant to the summons.

Plaintiff is an uneducated man. He earns his living by manual labor. He had worked for defendant for some six years regularly before the accident to him, losing very little, if any, time. Since that time he has not been able to work for any one, and it is clearly established that he is now totally incapacitated to perform manual labor, and that this condition may prevail for several years.

There is no contest over the amount of compensation allowed by the lower court.

For the reasons herein given, the judgment appealed from is affirmed.