BOECKELER LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97756.   Promulgated February 28, 1941.

*Stanley S. Waite, Esq.*, for the petitioner.
*Benjamin L. Bird, Esq.*, for the respondent.

OPINION.

KERN: The predecessor corporation in 1930 executed a written contract expressly dealing with the payment of dividends. The charter of the predecessor corporation expired April 8, 1935, and, there having been no further extension of the charter granted, the existence of the Boeckeler Lumber Co., petitioner's predecessor, that day ceased. Cf. *Meremac Spring Park Co.* v. *Gibson* (1916), 268 Mo. 394; 188 S. W. 179; *Pendleton* v. *Russell*, 144 U. S. 640; *American Arch Co.* (1928), 13 B. T. A. 552. On August 5, 1935, when a charter for the petitioner corporation was granted by the Secretary of State of the State of Missouri, a new corporation came into existence; while this new corporation was free to assume any obligations of its predecessor, it was, nevertheless, a new and distinct legal entity.

To be eligible for a credit created for the benefit of taxpayers, strict compliance with the terms of the section granting the credit must be shown. Cf. *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46.

Petitioner seeks to avail itself of the provision of section 26 (c) (1) of the Revenue Act of 1936.[1] In order to prevail, petitioner must establish the fact that there did exist in the taxable year a written contract *executed by itself*, a provision of which expressly restricts the payment of dividends. The only such written contract which petitioner has disclosed was never executed by itself. It was executed by petitioner's predecessor. When that predecessor ceased to exist and petitioner was incorporated with the same name, the contract did not *ipso facto* become executed by petitioner. The evidence indicates that petitioner did assume its predecessor's liabilities under that contract. But it did not do this by a similar contract to which it affixed its corporate signature. Rather, this was done orally or by implication from its course of conduct and the written evidence thereof is not found in a written contract. Certainly it can not be correctly thought that this is compliance with the terms of section 26 (c) (1). The essentials of a formal written contract are lacking. See *Davison-Joseph Campau Realty Co.*, 41 B. T. A. 675.

We do not consider the question of whether the petitioner could have made distribution of dividends in the taxable year notwithstanding the fact that it assumed the liabilities of the predecessor corporation. Because of our disposition of the first question involved, such inquiry is unnecessary. Petitioner is not entitled to the credit.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Harron dissents.

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax.

\*     \*     \*     \*     \*     \*     \*

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.