McBRIDE, Judge.
This matter involves demands for damages arising out of an intersectional automobile collision. Defendants are Marquette Casualty Company, public liability insurer of the car alleged to have caused plaintiffs’ damages, and Clifford Wormser, Sr., individually, and as administrator of the estate of his minor son, Clifford Wormser, Jr., the latter having been the driver of the offending automobile. After a trial in the lower court there was judgment in favor of Marcelle Ball for the sum of $5050, Mrs. Corinne Van Geffen for $450, Mrs. Jacldin Madsen for $500, Ingvald Madsen for $137, and Mrs. Elise Orillion for $500, all of said awards running against the defendants in solido. Mrs. Marcelle Ball also was awarded judgment for $2,450 against Clifford Wormser, Sr., individually and as the administrator of the estate of his minor son, Clifford Wormser, Jr.
Both defendants jointly perfected a sus-pensive and devolutive appeal, each furnishing separate appeal bonds.
The matter was, in due course, assigned for argument in this court at which both appellants were represented by counsel; however, subsequent to argument and submission of this case but before a determination thereof, a judgment was rendered in the matter entitled “Dudley A. Guglielmo, Commissioner of Insurance, State of Louisiana v. Marquette Casualty Company”, No. 104,820 of the Docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, under R.S. 22:733 and 734, placing Marquette Casualty Company in rehabilitation; Dudley A. Guglielmo, *61 Commissioner of Insurance of the State of Louisiana, was named as rehabilitator, and an injunction was issued prohibiting the bringing or further prosecuting of any actions against said Marquette Casualty Company. The Commissioner of Insurance, as rehabilitator of Marquette Casualty Company, filed a motion in this court seeking a stay of all further proceedings in this case as against said company. Accordingly, we followed prior jurisprudence and stayed all proceedings on the appeal insofar as the same affected Marquette Casualty Company. See Benenate v. Brooks, La. App., 95 So.2d 757; Scott v. Baton Rouge Bus Co., La.App., 118 So.2d 486.
We adjudicated the appeal insofar as it affected the other appellant, Clifford Wormser, Sr., individually, and as administrator of the estate of his minor son, Clifford Wormser, Jr. On April 5, 1965, our opinion and decree was handed down which resulted in the judgment in favor of Mrs. Marcelle Ball being increased from $7,500 to $9,581.40 and as thus amended the judgment in favor of Mrs. Ball and in favor of all of the other appellees was affirmed but only as against Clifford Wormser, Sr., individually, and as administrator of the estate of his minor son, Clifford Wormser, Jr., La.App., 176 So.2d 799. After a rehearing our original decree was reinstated. 176 So.2d 803. The Supreme Court denied cer-tiorari. 248 La. 417, 179 So.2d 16.
After dispatching the appeal of Clifford Wormser, Sr., individually, and as administrator of the estate of his minor son, Clifford Wormser, Jr., there was left pending before us the appeal of Marquette Casualty Company in rehabilitation;
On August 16, 1965, the affairs of Marquette Casualty Company passed from rehabilitation to liquidation (see R.S. 22:-736, et seq.) and the 19th Judicial District Court in and for the Parish of East Baton Rouge in the above mentioned rehabilitation proceedings appointed Dudley A. Guglielmo as receiver or liquidator of Marquette Casualty Company. In an order issued by us December 22, 1965, at the behest of plaintiffs herein, we made Dudley A. Gug-lielmo, Insurance Commissioner in his capacity, as receiver of Marquette Casualty Company, a party to this appeal. We now confess that this order was improvident as there is no authority for its issuance, and we now recall it.
The appeal of Marquette Casualty Company taken herein must be dismissed for the good and sufficient reason that there is no appellant before us as Marquette Casualty Company, by virtue of its liquidation under the insurance laws of this state, has passed out of existence, and there is no one who could possibly prosecute the appeal. Peerless Insurance Company, the surety on the appeal bond furnished by Marquette Casualty Company, has made no appearance and is not before us.
Our dismissal of the appeal is made under authority of Levy v. Union Indemnity Co., 146 So. 182, decided by our predecessor, the Court of Appeal for the Parish of Orleans. The situation the court dealt with there was almost identical with that in the instant appeal and what was said in Levy v. Union Indemnity Co., fits the instant case like a glove:
“Attached to said motion for an indefinite continuance we find a verified copy of a petition filed by the receivers of Union Indemnity Company in the receivership proceedings, and a verified copy of an order rendered on that petition. In the petition appears the following :
“ ‘Petitioners have been advised that the legal effect of the receivership was to dissolve defendant company and terminate its corporate existence, but petitioners aver that this legal interpretation should be confirmed by order of this honorable court.’
*62 “In the judgment rendered on the said petition, we find the following:
“ ‘It is hereby recognized and declared that defendant, Union Indemnity Company, was dissolved by the proceedings had and the decree of this court,’ etc.
“[1] The order above quoted is, in fact, merely a judicial recognition of a status which already existed, for it is well settled that where, by authority of such a statute as Act No. 105 of 1898, receivers are appointed for an insurance company, the formerly existing corporation is, by the very appointment of receivers, entirely dissolved, and its life is terminated.
“[2] In this regard there is a vast difference between a statutory receivership and an equitable one, in the latter of which the corporation itself continues to exist. In such case appointment of receivers merely deprives the corporation of the right to manage its own affairs, and places in the possession of the receivers the assets of the corporation. But the corporation itself retains its corporate functions, and a suit pending against the corporation may be prosecuted to final judgment, although, of course, execution may not issue against the receivers, and a judgment obtained against the corporation must be presented to the receivers for such action as the court having jurisdiction over the receivership proceedings may determine to be proper. On the other hand, a statutory receivership, such as is contemplated by the statute of 1898, terminates the corporate existence entirely. The distinction between the two kinds of receivership to which we have referred is clearly set forth in Clark on Receivers (2d Ed.) vol. 2, § 703.
“In Pendleton v. Russell, 144 U.S. 640, 12 S.Ct. 743, 745, 36 L.Ed. 574, is found a case in which, during the pendency on appeal of a suit against a life insurance company, that company was placed in the hands of a receiver appointed under a statute in many respects similar to the Louisiana statute of 1898. The Supreme Court of the United States, after stating that no proceeding had been instituted to make the receiver a party to the litigation which was pending at the time of his appointment, said:
“ ‘Nor would such a proceeding have any effect, for, the corporation having expired, the suit itself had abated.’
“That the Louisiana statute referred to puts an end to corporate existence was held in Michel v. Southern Insurance Co., 128 La. 562, 54 So. 1010, 1011, Ann.Cas.1912C, 810, in which the Supreme Court of Louisiana, referring to a judgment appointing a receiver under that statute, said:
“ ‘The judgment in question was an adjudication in bankruptcy, and operated a dissolution of the corporation.’
“In Pendleton v. Russell, supra, the receiver, through his counsel, was permitted to appear in the appellate court in the suit which was pending on appeal at the time of his appointment, and to attempt to secure a reversal of the judgment, which, in the lower court, had been rendered against the formerly existing insurance company; but the receiver could not have been forced to become a party to that litigation, and his intervention therein was at his own request, and was permitted because the insurance company, when it had perfected its appeal, in order to furnish indemnity to the surety company which executed the appeal bond, had pledged certain corporate assets. The receiver was thus permitted to appear in the then pending suit not because he was taking the place of the former defendant, but solely because, in the event of the reversal of the judgment, there *63 would be released to him, as receiver, those assets, and he was thus interested in defeating the action not as a party thereto but as the party to whom the pledged assets must be turned over if released from the pledge. Of course the receivers here, if they could show that the estate being administered by them would be benefited by the defeat of the pending action, might be permitted, by order of the court which appointed them, to appear in opposition to plaintiff’s claim. But not only have they not done so, but it is evident, from the statements made in the motion to dismiss and from the argument of counsel for mover, that they will not do so. As was said in Armstrong v. Louisiana Ice & Utilities, 175 La. 1041, 145 So. 1, 2:
“ ‘ * * * it is optional with the receivers as to whether or not they obtain permission from the * * * court to make themselves parties * * and to prosecute this appeal.’
“We feel, as did the Supreme Court, when, in the Armstrong Case, it said:
“ ‘We do not think the nonaction of the receivers can stay such proceedings,’ etc.
“It clearly appears, from the decision in Pendleton v. Russell, supra, that, had the former insurance corporation not pledged assets to its surety, the receiver would have had no interest whatever in that litigation, and would not have become a party thereto. I-Iere the Union Indemnity Company has been cast in the trial court and, after perfecting its appeal, in which the Independence Indemnity Company is surety on the appeal bond, has ceased to exist. It is, as we find it described in the brief of Independence Indemnity Company, ‘a fiction of the imagination.’ To use further words which we find in that brief, it was dissolved ‘on January 6, 1933, by order of court, it is dead, it is no longer a legal entity, its charter has been forfeited, a dead corporation.’
“[3,4] Thus far we are in accord with the views expressed by counsel for mover. But we do not agree with him when he argues that, because there is no longer a party appellant before us, we should indefinitely continue the matter.
“We do not feel that a continuance would serve the ends of justice. If, in the future, proper parties appellant could be made, then we would agree that the matter should not be heard until after those at interest had been given reasonable opportunity to obtain the necessary order to make parties and to act in accordance with such order. But, as we have already shown, no party can be substituted for the defunct and dissolved appellant. The receivers quite apparently have no intention of taking part in the litigation, and an indefinite postponement would be tantamount to a permanent denial to plaintiff-appellee of his right to proceed against the surety on the appeal bond.
“When the surety executed the appeal bond given in accordance with article 579 of the Code of Practice, it assumed conditional liability, contingent upon the failure of the principal to comply with either of two obligations: (1) To prosecute the appeal; (2) to pay such final judgment as might be rendered.
“The first obligation has not been and cannot be complied with, because, as mover admits, the appeal cannot be prosecuted since appellant no longer exists. If, then, the appeal cannot be prosecuted, mover, as surety on the appeal bond, is liable. In Champomier *64 v. Washington, 2 La.Ann. 1013, is found a case in which a surety on an appeal bond, after the principal had abandoned the appeal, attempted to prosecute the appeal. The Supreme Court said:
“ ‘The condition of the bond, following literally the requisition of the 579th article of the Code, was: “That the said Washington shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of his estate, real or personal, if he be cast in the appeal; otherwise that the said Goodrich, surety, shall be liable in his place.” The appellant did not prosecute his appeal, and thus, even in a literal sense, the condition of the bond was broken.’
“See, also, Derouen v. Hebert et al., 49 La.Ann. 1079, 22 So. 201; Russ & Hollingsworth v. Their Creditors, 45 La.Ann. 442, 12 So. 627.
“True enough, it is through no fault of Independence Indemnity Company that the appeal cannot be prosecuted, but plaintiff, obligee in the bond, is in no way interested in the reason which prevents the former appellant from proceeding. He, plaintiff, is the owner of a judgment under which, but for the bond signed by mover, he could, at that time, have recovered.
"One thing is quite apparent; an indefinite continuance would be a denial of justice.
“Since we cannot, by indefinite postponement, allow the matter to retain its present status, we must either permit it to be heard and render a final decree ourselves, or dismiss the appeal and allow the judgment rendered below to stand. We cannot follow the former course, because there is no party appellant before us now, and there can be none in the future. We will, therefore, adopt the latter alternative and dismiss the appeal.
“The appeal is dismissed.”
The appeal taken by Marquette Casualty Company herein be and the same is hereby dismissed.
Dismissed.