40 So.2d 806

**BARTON v. RAZIANO et al.**

No. 39353.

April 25, 1949.

Fred A. Middleton and Stanley A. Baron, both of New Orleans, for relator.

Joseph A. Sims, of Hammond, and S. Monk Zelden, of New Orleans, for respondent.

FOURNET, Justice.

Henry Raziano, against whom a judgment had been rendered by default in favor of Meyer Barton, the alleged holder of a $5,000 note executed by Raziano on July 30, 1947, applied to this court for an order prohibiting the sheriff of Tangipahoa Parish from proceeding with the sale of certain trucks, trailers, and lumber in satisfaction of such judgment on March 5,

1949, at 10 o'clock a. m., under a writ of seizure and sale issued by a deputy clerk of court for the Parish of Tangipahoa upon the presentation of a certificate from a deputy clerk of this court showing that Raziano, who had appealed suspensively from this default judgment, had not filed the transcript of appeal within the time fixed in the order of appeal.

It appears that after the rendition of this default judgment and the refusal of the trial judge to grant him a rehearing in the matter, the relator, on October 27, 1948, obtained a suspensive and devolutive order of appeal returnable to this court on November 29, 1948, and furnished the $8,000 bond provided for in the suspensive appeal on November 1, 1948. On February 2, 1949, the judgment creditor obtained a writ of fieri facias from a deputy clerk of the district court for Tangipahoa Parish upon his presentation of a certificate from a deputy clerk of this court dated January 12, 1949, confirming the fact that the transcript of appeal had not been lodged in this court although the return date had expired and no extension of time had been obtained. Under this writ of fieri facias the sheriff proceeded to seize certain trucks and trailers, with loaded lumber. These were later released when the relator furnished a forthcoming bond. In the meantime the defendant sought by rule to have this default judgment declared a nullity and the sale of this equipment enjoined. On the return day set for the trial of this rule,

however, the case was continued to March 4, 1949, the day before the property so seized was to be sold, and when on that day the case was again continued because of the absence of the respondent and his attorney, the relator applied to this court for the writs issued in this case.

Under the express provisions of the Code of Practice it was the mandatory duty of the appellant, relator here, to return the petition of appeal and the transcript of the proceedings into this court on or before the return day, November 29, 1948 (Article 587), and, having failed to do so within the three days allowed thereafter as grace or to have obtained an extension of time for the lodging of such appeal and transcript, it was within the discretion of the appellee, Meyer Barton under Article 588 to either have execution on the judgment as provided for in Article 589 or to have the judgment affirmed on appeal under the provisions of Article 590. Having chosen the former, he was compelled to comply with the procedure set out for the execution of such judgment under Article 589, which provides that "If the appellee prefers having execution·on the judgment, he may, within three days after the time allowed for the appellant to file the record, obtain a certificate from the clerk of·the appellate court, declaring that the record has not been brought up, and on the production of this certificate *in the lower court,* it shall award execution on the judgment, which then becomes irrevocable." (Italics ours.)

■ · This court, in the early case of Champomier v. Washington, 2 La.Ann. 1013, in construing this article, held that it was not sufficient for the appellee seeking execution of the judgment to present the certification from the Supreme Court relative to the failure of the appellant to timely file the transcript to the clerk of the district court and that a writ of fieri facias issued by the clerk under these circumstances was illegal; the certificate must be produced before the lower court and an order of execution obtained from the trial judge. The court reasoned that the expressions in Article 589 of the Code of Practice "contemplate judicial, and not mere ministerial action, upon the clerk's certificate, and very properly; for the district judge having granted an order suspending execution, while that order stands undisturbed on his records, no execution ought to issue; and whether the certificate of the clerk of the Supreme Court, which he issues without any action of the Supreme Court, is in due form and rightfully given as to time, is a matter very properly submitted to the judge, and not left to the clerk of the court below, a mere ministerial officer."

We therefore conclude that the writ of fieri facias issued by a deputy clerk of the Tangipahoa Parish district court in this case was illegally granted and, accordingly, the seizure thereunder must fall with it.

For the reasons assigned the writ of fieri facias issued on February 2, 1949, by Lida Morrison, deputy clerk of court for the Parish of Tangipahoa, is decreed to be a nullity, the seizure thereunder by the sheriff of Tangipahoa Parish on February 15, 1949, is set aside and the alternative writ of prohibition is made absolute, and, accordingly, the sheriff is prohibited from proceeding with the sale of the property of the relator seized thereunder.

O'NIELL, C. J., takes no part.